In re Joseph Robert STONE, Bankrupt.

Iva E. OLSON, Plaintiff-Appellee,

v.

Joseph Robert STONE, Defendant-Appellant.

No. 76–2075.

United States Court of Appeals, Tenth Circuit.

Argued May 8, 1978.

Decided Nov. 20, 1978.

Rehearing Denied Dec. 13, 1978.

Saul R. Sarney of Sarney, Trattler & Waitkus, Denver, Colo., for defendant-appellant.

David H. Stacy, Denver, Colo. (with Kevin Haight, Lakewood, Colo., on brief) of DeMuth & Eiberger, Denver, Colo., for plaintiff-appellee.

Before BARRETT and McKAY, Circuit Judges, and BRATTON, District Judge.*

McKAY, Circuit Judge.

We are asked to relieve the defendant of a default judgment entered against him in bankruptcy court. We decline to do so.

The underlying dispute involves issues of dischargeability in bankruptcy. Plaintiff Iva E. Olson (Olson) alleged in bankruptcy court that defendant Joseph Robert Stone (Stone) should be denied discharge as to certain obligations under Section 17(a)(2) of the Bankruptcy Act, 11 U.S.C. § 35(a)(2) (1976).[1] A summons which was served upon Stone on February 18, 1976, indicated that an answer was due on March 15. No answer was filed. On March 18, Olson moved for a default judgment. The motion was granted.

Upon receiving notice of the default judgment, Stone moved for relief under Rule 60(b) of the Federal Rules of Civil Procedure. Stone's written motion, filed on March 29, contained general allegations of excusable neglect, general denials of the contentions in Olson's complaint and an affirmative assertion of collateral estoppel. At the hearing on the motion, Stone's counsel offered two affidavits and sought to introduce oral testimony in order to justify the relief sought. The court declined to consider either the affidavits or the oral testimony. After hearing oral argument on

---

* Of the United States District Court for the District of New Mexico, sitting by designation.

1. Olson complained that Stone had made fraudulent misrepresentations in inducing her to transfer certain stock certificates, that Stone had willfully and maliciously converted her property, and that he had willfully and maliciously injured her property.

the issue of excusable neglect, the court found that none had been shown. The court also concluded that general allegations did not amount to the demonstration of meritorious defense contemplated by judicial interpretations of Rule 60(b). The bankruptcy court then denied Stone's motion to set aside the default judgment. The District Court affirmed.

■ Rule 60(b) of the Federal Rules of Civil Procedure permits relief from a final judgment only if the movant can demonstrate justifiable grounds, including mistake, inadvertence, surprise or excusable neglect. In the case of default judgments, courts have established the further requirement that a movant demonstrate the existence of a meritorious defense. *E. g., Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). A 60(b) motion thus comprehends two distinct aspects—justification for relief and a meritorious defense.

■ The issues on each of these elements are framed and resolved differently. Justification for relief is litigated on the merits at the hearing on the 60(b) motion. *See Atchison, Topeka & Santa Fe Ry. v. Barrett*, 246 F.2d 846, 849 (9th Cir. 1957); *Assmann v. Fleming*, 159 F.2d 332, 336–37 (8th Cir. 1947); 7 *Moore's Federal Practice* ¶ 60.-28[3] (2d ed. 1978). For example, a party seeking to establish excusable neglect must plead and prove it. The opposing party is entitled to present controverting evidence demonstrating the absence of excusable neglect, which evidence may be introduced by way of affidavit, deposition, or testimony. 7 *Moore's Federal Practice* ¶ 60.28[3] (2d ed. 1978). After considering the pleadings and the evidence, if any, the court determines whether excusable neglect has in fact been established.

■ The situation is different with respect to demonstrating a meritorious defense. The parties do not litigate the truth

of the claimed defense in the motion hearing. *See Assmann v. Fleming*, 159 F.2d at 336. Rather, the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action. For purposes of this part of the motion, the movant's version of the facts and circumstances supporting his defense will be deemed to be true. *See Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951). Thus the focus is on the sufficiency of the factual statement contained in the moving papers. Unlike the simple notice pleading required in original actions, the rule relating to relief from default judgments contemplates more than mere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense. *Gomes v. Williams*, 420 F.2d at 1366. See *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251–52 (4th Cir. 1967); *United States v. Topeka Livestock Auction, Inc.*, 392 F.Supp. 944, 951 (N.D. Ind. 1975). The rule requires a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious.[2] *Id.*

■ Federal courts have not reached agreement on a single best method of establishing factual allegations sufficient to support a meritorious defense. *See Trueblood v. Grayson Shops of Tennessee, Inc.*, 32 F.R.D. 190, 196 (E.D. Va. 1963). We doubt that any one method is "best." The critical concern is not with *how* the factual allegations are presented, but that they *are* presented and presented in a timely enough fashion to permit the opposing party to question the legal sufficiency of the defense. Factual allegations, if otherwise sufficient, are not objectionable because of the means by which they become part of the moving papers. The allegations may be

---

**2.** We recognize that not every defense will turn on factual allegations relating to the *merits* of the dispute. For example, a legal defense such as collateral estoppel would not require factual allegations going to the merits, but would require sufficient facts to show the nature of the

prior action, that it involved the same parties, and that the particular issues determined give rise to a defense of collateral estoppel. Again, the purpose of the requirement is to show the trial court that a sufficient defense is assertible.

satisfactorily presented in the written motion itself, in an appended proposed answer, or in attached affidavits.

■ Inasmuch as the factual allegations presented in the moving papers will be deemed true for purposes of the meritorious defense aspect of the 60(b) motion, normally there will be no need to introduce evidence on meritorious defense. Occasionally, however, a trial judge may find it useful to take clarifying testimony. Such a determination is within the trial court's discretion.[3] Even in this circumstance, the focus will be on the legal sufficiency of the allegations made in the moving papers rather than their truth.

In this appeal, Stone contends that the bankruptcy court abused its discretion in rejecting his claims of excusable neglect and of meritorious defense. He also alleges abuse of discretion with respect to the court's refusal to permit supplementation of the record with affidavits and oral testimony.

■ It is apparent that Stone's 60(b) motion contained only general allegations of excusable neglect and meritorious defense.[4] That Stone's position became no more specific at the hearing itself is revealed in the following exchange:

THE COURT: It has always been my understanding that assertion of a denial is an insufficient assertion of a meritorious defense.

[COUNSEL FOR STONE]: Your Honor, I think this particular case rests simply on whether or not the factual allegations contained in the complaint are true or not, and I think that a defendant's denial of those factual assertions denying that he committed any acts that would constitute false representation, malicious and willful injury or malicious and willful conversion . . . would be an adequate defense at the time of trial. . . .

I believe that is the standard that is set for alleging a meritorious defense.

THE COURT: Well, you and I may have some different law in mind.

Record, vol. 1, at 4–5. Later in the hearing the court gave Stone's counsel an opportunity to comment on the "defense as to its merit." Record, vol. 1, at 16. On this occasion, after the *Gomes* rule had been referred to by the court, counsel for Stone asserted: "I think the defendant's meritorious claim, and his only possible claim with regard to these matters, is [that Olson's] factual allegations are untrue." *Id.* at 19. Neither this explanation nor the general allegations in Stone's motion for relief constituted a demonstration of meritorious defense under the *Gomes* rule. If Stone is to obtain relief at all, it must be shown that it was error to reject the affidavits and oral testimony offered by him.

---

3. The propriety of submitting oral testimony on the meritorious defense issue has not been generally considered by federal courts. However, at least one court has permitted its use. *See Central Operating Co. v. Utility Workers of America,* 491 F.2d 245, 252 n.8 (4th Cir. 1974).

4. Stone's motion contained the following allegations:

6. The Defendant herein has meritorious defenses in that he asserts that:
(a) The allegations in the Complaint alleging that the Defendant committed acts constituting false pretenses and false representations are false.
(b) The allegations contained in the Complaint that the Defendant committed acts constituting conversion which were malicious and willful are false.
(c) The allegations contained in the Complaint which allege that the Defendant committed acts which constituted willful and malicious injury to Plaintiff's property are false.

7. Certain issues of fact with regard to the character of Defendant's alleged acts have been litigated and ruled upon in the Denver District Court, Civil Action NO. C55046 (Courtroom 18), and the ruling of the Court therein, pursuant to the Doctrine of Collateral Estoppel, may prevent the Plaintiff herein from relitigating those issues in this Court.

8. The Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

9. Plaintiff's First Claim for Relief fails to state a claim upon which relief can be granted, and no request for relief is made in said First Claim.

Record, vol. 3, at 39.

■ One of the affidavits related to the claim of a meritorious defense.[5] Both of the affidavits were submitted on the day of the motion hearing, which was eleven days after Stone's motion ·had been filed. They were not timely. Rule 6(d) of the Federal Rules of Civil Procedure, which is applicable in bankruptcy court proceedings under Rule 906(d) of the Bankruptcy Rules, provides in relevant part:

> When a motion is supported by affidavit, the affidavit shall be served with the motion; and . . . opposing affidavits may be served not later than 1 day before the hearing, unless the court permits them to be served at some other time.

The language of the rule is clear. Affidavits in support of a motion must be served with the motion.[6] 2 *Moore's Federal Practice* ¶ 6.11 (2d ed. 1978); 4 C. Wright & A. Miller, *Federal Practice & Procedure* § 1170 (1969). We simply cannot say that the trial court erred in refusing to accept the untimely affidavits.[7]

■ Stone's allegation of error in the bankruptcy court's refusal to take oral testimony also fails. We agree with the bankruptcy court's conclusion that the purpose of the hearing with respect to meritorious defense is not to take evidence in support of factual allegations but to evaluate the legal sufficiency of the allegations themselves. We have already observed that the introduction of oral testimony on the meritorious defense issue is within the discretion of the trial court.

■ Rather than allowing oral testimony to be presented, the trial court invited Stone's counsel to describe the nature of the meritorious defense relied on. As has been noted previously, counsel continued to make the sorts of general allegations contained in the motion for relief. Never did counsel allege specific facts supporting a meritorious defense. While it is perhaps conceivable that oral testimony might have produced some relevant factual contribution, this is by no means certain in view of counsel's apparent inability to do more than make vague and general assertions in the bankruptcy hearing. Given the information before it, the court had no sound reason to suppose that a meritorious defense existed at all. While we do not believe it would have been an abuse of discretion for the trial court to have permitted the introduction of oral testimony under these circumstances, neither can we say that it was an abuse of discretion to have refused its introduction.

■ Having concluded that there was no impropriety in the bankruptcy court's rejection of proffered affidavits and testimony, we must now consider whether the court abused its discretion in denying Stone's 60(b) motion. We conclude that it did not. The record in this case simply does not demonstrate the existence of a meritori-

---

5. It apparently consisted of a statement regarding proceedings in a Colorado state court. The state court action allegedly involved some of the same issues that were raised in Olson's complaint, and the purpose of the affidavit was to support a general allegation of collateral estoppel raised in Stone's motion for relief.

6. One court, in construing an earlier, apparently more permissive, version of Rule 6(d) suggested that this aspect of the rule is not a matter of discretion. *Canning v. Star Publishing Co.*, 19 F.R.D. 281, 283–84 (D.Del.1956). We do not decide whether there is any discretionary element in this aspect of the rule. Even if the matter were discretionary, no abuse of discretion could be found under these facts. Whatever force the collateral estoppel argument might have had in the abstract was undermined by the revelation in the bankruptcy

hearing that Stone had been dismissed from the state court proceeding prior to judgment.

7. Stone argues that Rule 6(d) ought not apply to the meritorious defense aspect of a 60(b) motion. He suggests that we adopt the rule employed in some state courts that affidavits supporting motions for relief from default judgments are inappropriate targets of counter-affidavits. *E. g., Hodge v. Stigall*, 20 Ill.App.2d 45, 155 N.E.2d 330, 331 (1958). Although counter-affidavits are improper on the question of the truth of the factual allegations underlying the movant's claimed defense, the opposing party should have an opportunity to evaluate the legal sufficiency of the allegations. This opportunity will be provided by an application of Rule 6(d). In any event, we are aware of no authority requiring trial courts to ignore Rule 6(d) in the context of a 60(b) motion.

ous defense. In the absence of such a demonstration, this Court cannot find that the trial court abused its discretion in denying relief from the default judgment. Even though the scope of discretion on such a motion is limited by the injunction to exercise it liberally,[8] we cannot say that liberality should mean the practical demise of the requirement to show a meritorious defense.

Our disposition of the meritorious defense issue is determinative of this appeal. Success on Stone's 60(b) motion required both the demonstration of a meritorious defense and a showing of excusable neglect. *E. g., Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973). Inasmuch as we have sustained the conclusions of the lower courts that no meritorious defense showing was made, we need not consider Stone's allegations regarding excusable neglect.

AFFIRMED.

8. See *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d at 245.