### In re MAPS INTERNATIONAL, INC., Debtor,

### Glen W. TAYLOR, Trustee, Plaintiff,

### v.

### William R. RILEY, Defendant and Third Party Plaintiff,

### v.

### LOUISIANA CHEMICAL EQUIPMENT COMPANY, INC., Reynolds Metals Company, and the Bankruptcy Estate of Lindell M. Whitefield, Third Party Defendants.

Bankruptcy No. 91–01256–C.
Adv. No. 92–0219–C.

United States Bankruptcy Court,
N.D. Oklahoma.

April 8, 1993.

Sidney K. Swinson, Ron W. Little, Huffman, Arrington, Kihle, Gabenno & Dunn, P.C., Tulsa, OK, for Glen W. Taylor, trustee.

Terry M. Thomas, Tulsa, OK, for William R. Riley.

Stephen B. Riley, Tulsa, OK, for Louisiana Chemical.

Robert J. Getchell, Tulsa, OK, for Bankruptcy Estate of Lindell M. Whitefield.

Katherine Vance, Asst. U.S. Trustee, Tulsa, OK.

## MEMORANDUM OPINION

STEPHEN J. COVEY, Bankruptcy Judge.

This matter comes on to be heard upon the Motion to Set Aside Default Judgment filed by Louisiana Chemical Equipment Company, Inc. ("Louisiana Chemical") pursuant to Federal Rule of Civil Procedure 60(b).

## STATEMENT OF FACTS

The background facts leading up to this case are as follows. In October 1988, Reynolds Metals Company, Inc. ("Reynolds") sold the equipment at issue to Aerodyne who in turn sold the equipment to William R. Riley ("Riley"), owner of Aerodyne. Under the contract between Aerodyne and Reynolds a forfeiture would occur if the equipment was not removed by June 30, 1991.

When Aerodyne transferred the equipment to Riley, he transferred one-half interest in the equipment to Lindell M. Whitefield ("Whitefield") for $350,000.00. Later, Whitefield transferred the one-half

interest to MAPS and caused MAPS to wire the purchase price to Riley.

The equipment was not moved by the June 30, 1991 forfeiture date. On July 2, 1991, however, Riley entered into an agreement with Louisiana Chemical whereby Riley agreed to arrange for an extension of time to remove the equipment from Reynolds' plant and Louisiana Chemical agreed to pay for the cost of moving the equipment to its La Porte, Texas division where it would be held and advertised for resale. Riley and Louisiana Chemical agreed to split the cost required to obtain the time extension from Reynolds. Under the terms of the agreement any proceeds from a sale of the equipment were to be split between Louisiana Chemical and Riley after deducting expenses.

MAPS filed Chapter 11 on April 17, 1991. On July 17, 1992, the Trustee of MAPS commenced the present adversary proceeding against Riley to determine the relevant ownership interests in the equipment. Because the equipment was physically located at Louisiana Chemical's Texas location, the Court ordered Riley to name Louisiana Chemical as a third-party defendant.

Louisiana Chemical is a Louisiana corporation which operates in several states, including Texas. It has service agents in both Louisiana and Texas. On December 9, 1992, Riley filed a third-party complaint naming Louisiana Chemical as third-party defendant. This complaint asks that the interest of Riley be declared to be superior to the interest of Louisiana Chemical. A third-party summons was issued with service by certified mail to Louisiana Chemical's service agent in New Orleans. The corporation's Texas service agent, where the equipment was actually located, was not served.

The Louisiana service agent, who also acts as general counsel for Louisiana Chemical's holding company, received service on December 16, 1992, and forwarded the matter to a member of his staff for preparation of an answer. Nevertheless, an answer was not timely filed and default judgment was entered on February 1, 1993. The judgment declared that the interest of

Louisiana Chemical in the equipment was inferior to the interest of Riley.

Immediately upon learning of the default, Louisiana Chemical filed a Motion to Set Aside Default Judgment on February 5, 1993. Louisiana Chemical seeks to set aside the default judgment on grounds that its failure to timely file an answer was the result of inadvertence or excusable neglect and it has a meritorious defense to the action which should be determined on the merits.

## CONCLUSIONS OF LAW

■ It is well settled that default judgments are not favored inasmuch as the preferred disposition of any case is upon its merits. Under Rule 60(b) of the Federal Rules of Civil Procedure a court may vacate a default judgment where the party moving for relief demonstrates justifiable grounds, such as mistake, inadvertence, surprise or excusable neglect and establishes the existence of a meritorious defense. "A 60(b) motion thus comprehends two distinct aspects—justification for relief and a meritorious defense." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir.1978). The Court has broad discretion in determining whether or not relief from a default judgment should be granted. *Thomas v. Kerr McGee Refining Corp.*, 660 F.2d 1380 (10th Cir.1981), *cert. denied*, 455 U.S. 1019, 102 S.Ct. 1716, 72 L.Ed.2d 137 (1982).

■ When considering whether the movant has demonstrated a meritorious defense, "the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *In re Stone*, 588 F.2d at 1319.

The Court finds that Louisiana Chemical has established a meritorious defense to the Trustee's action. Louisiana Chemical and Riley entered into an agreement whereby Louisiana Chemical agreed to move the equipment to its Texas location and hold it for resale. Any proceeds from a sale were to be divided equally between Riley and Louisiana Chemical. These facts

are sufficient to establish a defense to this action inasmuch as Louisiana Chemical has a competing interest in the equipment.

■ Justification for relief, on the other hand, is most often litigated on the merits at the hearing on the Rule 60(b) motion. However, here the parties agreed that the matter would be submitted to the Court upon the filing of supporting affidavits. When considering the evidence submitted, the Court resolves all doubts in favor of the party seeking relief. *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442 (10th Cir.1983).

Therefore, the only issue is whether Louisiana Chemical has established an acceptable reason to explain its failure to timely file an answer which resulted in the default judgment being entered against it. Louisiana Chemical argues that an answer was not timely filed because of confusion surrounding the equipment's location in Texas with service being made upon the company in Louisiana. Louisiana Chemical further contends that the error of its attorney in New Orleans should not be imputed to the company.

■ The Supreme Court recently confronted the issue of whether an attorney's inadvertent failure to timely file a proof of claim constitutes excusable neglect under Bankruptcy Rule 9006 in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, — U.S. —, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Under the Supreme Court doctrine, the neglect of an attorney can be imputed to a client. The real test is whether the attorney's neglect is excusable. The determination of whether the facts of a case demonstrate excusable neglect requires an equitable inquiry taking into consideration all of the circumstances. The equitable inquiry in this case reveals the following:

■ 1. Louisiana Chemical acted promptly in moving to vacate the default judgment within five days of the default judgment being entered.

2. There is no evidence of bad faith by Louisiana Chemical. That is, there is no evidence that they intentionally disregarded the summons from the bankruptcy court or treated it with indifference. Rather, Louisiana Chemical's failure to timely file an answer was the result of inadvertence caused by confusion surrounding the equipment's location in Texas with service being made upon the company in Louisiana.

3. By vacating the judgment, there will be no prejudice to Riley or the estate because neither party has changed its position in reliance upon the default.

4. If the judgment is not vacated, it will prejudice the trustee and the estate. Louisiana Chemical has possession of the equipment in La Porte, Texas and is in charge of selling it. It is the only party available in this bankruptcy case to sell this property which has a value in excess of $1,000,-000.00. If Louisiana Chemical is denied its day in court and is defaulted, it will lose its interest in finding a buyer and this will be highly detrimental to the interest of the estate.

5. Louisiana Chemical has fully performed its obligations under the contract. It paid for the cost of moving the equipment to its La Porte, Texas division where it has stored the equipment and advertised it for resale. If Louisiana Chemical had not expended the funds required to remove the equipment, the interest of Riley and the interest of the estate would have been forfeited by Reynolds. To default Louisiana Chemical, therefore, would be inequitable and unfair.

6. Additionally, Riley in fairness should have notified the Texas division of the third-party complaint. Riley knew the property was in La Porte, Texas. He had entered into his agreement with Alvin G. Rotenberg ("Rotenberg") of Louisiana Chemical in La Porte, Texas. Yet when Riley served Louisiana Chemical, he served the registered agent in Louisiana and did not notify Rotenberg, the party he had been dealing with, in La Porte that the third-party complaint had been filed.

7. Finally, it is unclear that failure to file was not beyond the reasonable control of the attorney. This is because the papers served upon the attorney in New Orleans

are not clear as to what is actually being litigated. The third-party complaint itself which named Louisiana Chemical as a party defendant does not describe the equipment. It does, however, attach as Exhibit A the original complaint filed by the Trustee. Attached to the Trustee's complaint as Exhibits 2 and 3 are lists of the property involved and a copy of the agreement between Riley and Louisiana Chemical.

It is not clear from all of the documents that Louisiana Chemical has any interest in the property. However, the prayer of the third-party complaint asks that the interest of Louisiana Chemical be held to be inferior to the interest of Riley. It should be noted that the contract between Riley and Louisiana Chemical does not grant to Louisiana Chemical any interest or title in the property. It merely states that Louisiana Chemical is to sell the property and if, after all the expenses are paid, anything is left over the proceeds are to be divided between Louisiana Chemical and Riley. This agreement merely grants to Louisiana Chemical an interest in the net proceeds of the sale.

An attorney in New Orleans who is uninformed as to this transaction could easily become confused and conclude that Louisiana Chemical has no interest in the equipment and therefore it doesn't make any difference if the interest of Riley is superior to the interest of Louisiana Chemical. An attorney could conclude that what Louisiana Chemical has is an interest in the proceeds and therefore Louisiana Chemical had no need to respond. This type of conclusion would not be logical but it is easy to understand how an attorney with no knowledge of the background of the case could arrive at this conclusion or at least determine that the interest of Louisiana Chemical was not in imminent danger because of the litigation.

Because of these equitable considerations, the Court finds that the neglect of Louisiana Chemical's attorney in failing to timely file an answer was excusable.

In the dissenting opinion of *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* — U.S. —, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), Justice O'Connor analyzes the determination of excusable neglect differently. Justice O'Connor states that the Court should look at the reason for the neglect and determine whether it is excusable or not. She argues that the consequences of the neglect, in the form of equitable considerations, do not enter into the question of whether the neglect was excusable. The only inquiry of a court is to determine what caused or the reason for the neglect. If it is excusable, then the judgment can be vacated. If it is not, the judgment cannot be vacated. The consequences of the neglect are unimportant, such as whether there is prejudice to Riley, whether there is prejudice to the Trustee, whether there is prejudice to the administration of justice and whether the neglect is intentional or not and whether it would be fair and equitable.

Applying the Justice O'Connor test, however, I find the neglect here is still excusable because (1) the papers were received by an attorney in New Orleans who had no knowledge of the transaction; (2) this attorney would have to read through the third-party complaint, the original complaint and two documents attached thereto. Even if this was done, the attorney might conclude that Louisiana Chemical had no interest in the equipment but only an interest in the net sales proceeds and therefore any order granted by the Court finding that its interest was inferior to Riley was not injurious to the interest of Louisiana Chemical. This would not be a reasonable conclusion but it is understandable how an attorney without any knowledge of the transaction could reach such a conclusion; (3) additionally, Riley should have served the papers not only upon the registered agent in Louisiana but upon Rotenberg in Texas to make sure that the party familiar with the transaction had an opportunity to properly respond.

A separate order consistent with this Memorandum Opinion shall be entered.