**Janelle L. FINK and Alan E. Fink, Plaintiffs,**

v.

**Michael SWISSHELM and Jay Bey–Woodson, Defendants.**

**Civ.A. No. 98–2234–KHV.**

United States District Court, D. Kansas, Kansas City Division.

Sept. 2, 1998.

Wendell F. Cowan, Jr., Shook, Hardy & Bacon L.L.P., Overland Park, KS, for defendant.

Michael T. Jilka, Shook, Hardy & Bacon L.L.P., Overland Park, KS, for defendant.

Richard P. Senecal, Duncan–Senecal Law Office, Chtd., Atchison, KS, for plaintiff.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

■ This matter comes before the Court on the *Motion To Set Aside Entry of Default* (Doc: # 14) filed July 20, 1998, on behalf of defendant Jay Bey–Woodson. Defendant alleges that he had not been served with process when the Court entered default and that it consequently lacks personal jurisdiction over him and has no lawful authority to enter default.

Defendant's argument ignores the fact that on May 27, 1998, he voluntarily entered an appearance in this case by filing his *Notice Of Removal To The United States District Court For The District Of Kansas* (Doc. # 1). See D.Kan.Rule 5.1(d) (appearances may be entered in notice of removal by listing of counsel and party represented). Service of process is therefore beside the point. *E.g., Pennoyer v. Neff,* 95 U.S. 714, 725, 24 L.Ed. 565 (1877) (court may acquire personal jurisdiction through service of process *or voluntary entry of appearance* ); *Dotson v. State Highway Comm'n,* 198 Kan. 671, 426 P.2d 138 (1967) (written entry of appearance sub-

mits defendant to jurisdiction of court and is equivalent to service of process).

*Jenkins v. City of Topeka,* 958 F.Supp. 556 (D.Kan.1997), the sole authority which defendant cites on this point, does not advance his cause. In *Jenkins,* a diversity case where the Kansas service of process rule was an integral part of the statute of limitations, the federal magistrate held that under Kansas law a voluntary entry of appearance had same effect as service of process unless defendant timely filed a motion which asserted insufficiency of service of process. To the extent that *Jenkins* is germane, it is not helpful to defendant—who did not file a timely motion to assert lack of service or contest the personal jurisdiction of the Court. See Fed.R.Civ.P. 81(c) (in removed action where defendant has not answered, defendant shall answer or present other defenses or objections within specified time). Indeed, on July 8, 1998, because defendant had failed to plead or otherwise defend, the Court entered default against him under Rule 55(a), Fed. R.Civ.P.

Given his entry of appearance, defendant cannot credibly argue that because he did not receive formal service of process, the entry of default is "contrary to established principles of due process and fundamental fairness." Defendant attempts to disavow the entry of appearance by claiming that his name was "inadvertently attached" to·the notice of removal.[1] At another point, however, defendant concedes that his counsel "was retained to represent both Defendants under a contract Defendants' employer had with the Kansas County Association Multi–Line Pool." In any event, the argument that defendant entered an appearance only because counsel "inadvertently" attached his name to the notice of removal is untenable.[2] The notice of

---

1. Defendant's brief states that "[w]hen defendants' counsel filed the Notice of Removal, he inadvertently used the plural rather than the singular in describing the party on whose behalf removal to federal court was sought."

2. Significantly, defendant has never sought to vacate the entry of appearance. He has never denied the existence of the attorney-client relationship; he does not claim that counsel lacked authority to enter an appearance on his behalf; and he has never tried to disavow his removal from state to federal court. Defendant and de-

fense counsel cannot have it both ways. Under Rule 11, they cannot insist that the removal was procedurally proper and that their notice alleged proper grounds for removal while simultaneously insisting that movant's name was inadvertently appended to the notice. If movant had not been served, had not "otherwise" received a copy of plaintiffs' petition, and did not wish to partake of the removal process, the allegations of the notice were untrue and defense counsel had to know that they were untrue. Similarly if defense counsel had no attorney-client relationship with mov-

removal alleges that it was filed within 30 days after *defendants* received a copy of the petition setting forth plaintiffs' claims for relief. It explicitly seeks removal on behalf of both defendants, and it not only refers to them by name but makes repeated plural references to them as "defendants." On this record, the Court must reject the argument that defendant's name was "inadvertently attached" to the notice of removal. While the consequences may have been unanticipated, the preparation of the notice of removal appears to have been anything but "inadvertent."

In the final analysis, however, the Court's decision does not turn on any conclusion whether counsel acted intentionally or inadvertently in entering defendant's appearance in this case. In *Gomes v. Williams*, 420 F.2d 1364 (10th Cir.1970), the Tenth Circuit Court of Appeals had this to say on the issue which confronts us:

> The preferred disposition of any case is upon its merits and not by default judgment. However, this judicial preference is counterbalanced by considerations of social goals, justice and expediency, a weighing process which lies largely within the domain of the trial judge's discretion. Thus, the trial court ought not reopen a default judgment simply because a request is made by the defaulting party; rather, that party must show that there was good reason for the default and that he has a meritorious defense to the action.

420 F.2d at 1365 (citations omitted); see also, *In re Stone*, 588 F.2d 1316 (10th Cir.1978). The requirements for such relief include a diligent effort by the movant to seek relief under Rule 60(b) with the filing of the motion within a reasonable time, along with a demonstration that there was a good or acceptable reason for the default and that defendant has a meritorious defense. *Barta v. Long*, 670 F.2d 907, 909 (10th Cir.1982).

 The same considerations exist when deciding whether to set aside either an entry of default or a default judgment, but they are to be applied more liberally when reviewing an entry of default. *Berthelsen v. Kane*, 907 F.2d 617 (6th Cir.1990). It is well established that the good cause required by Rule 55(c), Fed.R.Civ.P., for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Rule 60(b). *E.g., Dennis Garberg & Associates, Inc. v. Pack–Tech Int'l Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir.1997); *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir.1990); *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194 (6th Cir.1986); *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). Thus, while the court may set aside the entry of default under Rule 55(c) for "good cause," the principal factors in determining whether defendant has met the good cause standard are (1) whether the default resulted from culpable conduct by defendant, (2) whether plaintiff would be prejudiced if the default should be set aside, and (3) whether defendant has presented a meritorious defense. *Hunt v. Ford Motor Co.*, 65 F.3d 178 (Table), 1995 WL 523646, *3 (10th Cir.1995); *In re Dierschke*, 975 F.2d 181, 183 (5th Cir.1992). These factors are not "talismanic" and the court may consider other factors. *In re Dierschke*, 975 F.2d at 184. However, the court need not consider all the factors.

 In this case, even if defendant was not served with process and entered an inadvertent appearance, the record is silent as to why he failed to file a timely answer or other responsive pleading under Rule 81(c). He has therefore failed to demonstrate that he had a good or acceptable reason for default. Moreover, defendant's motion makes no effort to demonstrate a meritorious defense to the action. After the Court entered default, plaintiffs did secure service on defendant and in response he filed an answer which lists the following affirmative defenses:

> 43. Plaintiffs' claims are barred, in whole or in part, by reason of the applicable statute of limitations.

ant, or if defense counsel lacked authority to enter an appearance or file a notice of removal on behalf of movant, defense counsel could not reasonably initiate the removal on movant's behalf under Rule 11.

44. Defendant is entitled to qualified immunity.

*Answer* (Doc. # 20) filed August 11, 1998. A bald allegation, however, without the support of facts underlying the defense, will not sustain the burden of the defaulting party to show cause why the entry of default should be set aside; the trial court must have before it more than mere allegations that a defense exists. *Gomes v. Williams*, 420 F.2d at 1366. In *In re Stone, supra*, the Tenth Circuit outlined what defendant must do to demonstrate a meritorious defense in this context, as follows:

> Unlike the simple notice pleading required in original actions, the rule relating to relief from default judgments contemplates more than mere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense. The rule requires a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious. ***
>
> The allegations may be satisfactorily presented in the written motion itself, in an appended proposed answer, or in attached affidavits. *** Thus the focus is on the sufficiency of the factual statement contained in the moving papers.

588 F.2d at 1319–20 (citations omitted). As noted, defendant's motion to set aside the entry of default does not claim that defendant has a meritorious defense and it therefore does not cite a single fact in support of any such argument. Even when we scrutinize defendant's answer, the Court cannot find a factual elaboration which might permit it to judge whether the tendered defenses, if believed, would be meritorious. See *In re Stone*, 588 F.2d at 1319 (unlike notice pleading, the rule relating to relief from default judgments contemplates more than mere legal conclusions or general denials).

**IT IS THEREFORE ORDERED** that the *Motion To Set Aside Entry Of Default* (Doc. # 14) filed July 20, 1998, on behalf of defendant Jay Bey–Woodson, be and hereby is overruled.