L.J. STAFFORD, a/k/a Jay
Stafford, Plaintiff,

v.

Juanita JANKOWSKI, et
al. Defendants.

No. CIV.A.02–2439–CM.

United States District Court,
D. Kansas.

May 8, 2004.

Mark C. Beam–Ward, William G. Wright, Hill, Beam–Ward & Kruse & Wilson, LLC, Overland Park, KS, for Plaintiff.

Anne W. Schiavone, Husch & Eppenberger, Springfield, MO, for Defendants.

Van Stafford, Campo, CO, pro se.

### MEMORANDUM AND ORDER

MURGUIA, District Judge.

This matter comes before the court on Plaintiff's Motion for Default Judgment and Memorandum in Support (Doc. 56). Plaintiff seeks a court-entered judgment by default against the one remaining defendant in this matter, Van Stafford.

### I. Procedural History

Plaintiff filed suit on September 11, 2002, and, on October 12, 2002, defendant filed a responsive pleading titled "Notice of Lack of Jurisdiction and Judicial Attachment" (Doc. 5). The court issued a February 3, 2003, Order relating to scheduling in the case and setting the matter for a scheduling conference on March 4, 2003. In the interim, defendant failed to provide his Rule 26 initial disclosures and did not participate in the Rule 26 planning meeting or in the preparation of the planning meeting report. Defendant then failed to appear at the scheduling conference on March 4, 2003.

The court issued a show cause order directing defendant to explain his failure to comply with the court's February 3, 2003, Order. Upon reviewing defendant's response to the court's show cause order, the court found that defendant had not shown good cause, and the court rejected defendant's argument that the court does not have jurisdiction over him because he is not a citizen of the United States but instead is a self-declared, independent sovereign state. The court struck defendant's answer to plaintiff's complaint, titled "Notice of Lack of Jurisdiction and Judicial Attachment," and ordered him to file an answer or motion to dismiss by May 15, 2003. Defendant filed his answer on May 5, 2003.

On March 20, 2003, the court entered its scheduling order and set this matter for final pretrial conference on August 1, 2003. Defendant did not participate in the preparation of the parties' proposed pretrial order, and he failed to appear for the August 1, 2003, pretrial conference. The court entered its final pretrial order and set this matter for jury trial on February 3, 2004.

The court also ordered that final witness and exhibit lists be filed at least 20 days prior to trial. Defendant never filed his final witness and exhibit lists.

Due to defendant's refusal to participate in pretrial procedures and his filing of nonresponsive motions, the court ordered the parties to appear for a status conference on January 22, 2004, to determine whether defendant would appear for trial scheduled to begin on February 3, 2004. The court's order specifically stated that "defendant Van Stafford is hereby warned that his failure to appear at this status hearing will result in the court entering a default judgment against him in this matter." The order requiring the parties to appear for the January 22, 2004, status conference was served on defendant by certified mail, and defendant signed the certified mail return receipt.

Defendant failed to appear for the status conference held on January 22, 2004. Therefore, the court cancelled the trial scheduled for February 3, 2004, and ordered plaintiff to file and serve a proper motion for default judgment against defendant. Plaintiff served a copy of his motion for default judgment on defendant by certified mail, and plaintiff has filed a copy of the certified mail receipt, signed by defendant on February 26, 2004. The time set for a responsive pleading by defendant has passed, and he has not responded to plaintiff's motion for default judgment.

## II. Legal Standards

### A. Personal Jurisdiction

 When a party fails to appear or defend an action, the court has an affirmative duty to determine that it has personal jurisdiction over the party before entering a default judgment. *Dennis Garberg & Assocs., Inc. v. Pack–Tech*, 115 F.3d 767, 771–72 (10th Cir.1997). When a party has appeared or responded, Federal Rule of Civil Procedure 12(h)(1) provides that ob-

jections to personal jurisdiction must be raised in a party's first responsive pleading or by motion before the responsive pleading. *See also United States v. 51 Pieces of Real Property Roswell, N.M.*, 17 F.3d 1306, 1314 (10th Cir.1994). Therefore, the court properly exercises personal jurisdiction over a party against whom the court enters a default judgment when the party has responded in the action but failed to raise the defense of lack of personal jurisdiction. *See id.; see e.g., Fink v. Swisshelm*, 182 F.R.D. 630, 631 (D.Kan. 1998).

### B. Default Judgment

Pursuant to Federal Rule of Civil Procedure 55(a):

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

However, when a party has appeared, the party seeking a default judgment must request that the court enter such an order. Fed.R.Civ.P. 55(b)(2).

> In all other cases the party entitled to a judgment by default shall apply to the court therefor; . . . .

> If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.

*Id.*

The court is limited in its discretion to fashion an appropriate award as part of a default judgment. Rule 54(c) provides:

> A judgment by default shall not be different in kind from or exceed in amount

that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.

Rule 54(c), therefore, limits a plaintiff's award on default to the amount of relief requested in the complaint. "The purpose of the rule is to provide defendant due process with respect to the amount of damages." *Albert v. Wesley Health Servs.*, 2001 WL 503241, at *1, No. 00–2067–KHV (D.Kan. May 10, 2001). The complaint serves notice on a defendant of the relief sought by a plaintiff, and a defendant is thereby able to decide whether to defend the action or accept a default judgment.

The due process concerns of upwardly adjusting a defendant's liability beyond that provided in the complaint can, in certain cases, be addressed by serving notice upon a defendant of the amended request for relief. *See Appleton Elec. v. Graves Truck Line, Inc.*, 635 F.2d 603, 610–11 (7th Cir.1980). In *Appleton*, the Seventh Circuit affirmed the district court's entry of a default judgment that awarded relief beyond that requested in the complaint. The increased award did not violate Rule 54(c), the court held, because the defendant was served with a copy of the proposed default order, which detailed the increased request for relief. *Id.* The proposed default order served as notice to the defendant and allowed it to reevaluate its decision to risk default judgment. *Id.* Allowing a plaintiff to amend his request for relief, after serving notice on a defendant, supports the "liberality of modern pleading and the desire to afford relief on the merits rather than on procedural grounds." 10 Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 2664, at 173 (3d ed.1998).

### III. Analysis

■ Defendant has appeared *pro se* in this action and has filed several pleadings. Defendant did file a motion challenging the court's jurisdiction over him; but the basis of his argument was that *no* federal court had jurisdiction over him because he constituted an independent, sovereign state, and the court rejected his contention. Consequently, defendant has waived the defense of lack of personal jurisdiction, and the court concludes that it properly exercises jurisdiction over defendant for purposes of default judgment.

Plaintiff's complaint requested $75,000 in economic losses. In his motion for default judgment, plaintiff asks for $5,000.00 for loss in the value of his vehicle, as a result of defendant having taken and driven the vehicle while plaintiff was committed at a hospital. Plaintiff also asks for $26,300.00 in attorneys' fees accrued in recovering his property that was transferred out of his possession and into a trust. The court grants plaintiff's motion for default with respect to economic damages and awards plaintiff $5,000.00 for loss in value of his vehicle and $26,300.00 for prior attorneys' fees.

■ Plaintiff's complaint also asked for damages for "non-economic losses, including, but not limited to, mental anguish, suffering, severe emotional distress, and humility." That is, plaintiff did not specify any amount he sought in compensation for noneconomic losses, but plaintiff now requests, in his motion for default judgment, $500,000.00 to compensate him for his emotional pain and suffering. Plaintiff's failure to detail an amount sought for noneconomic losses in his complaint raises the question of whether the court may award plaintiff *any* award for emotional pain and suffering. The purpose behind Rule 54(c) is to provide a defendant with notice of a plaintiff's request for relief, and a court

risks denying a defendant his due process rights by entering an award that differs in kind or amount from that requested in the complaint. *See Albert,* 2001 WL 503241, at *1. In this case, however, defendant's due process rights have been preserved as plaintiff served defendant with a copy of his motion for default judgment, which included his request for $500,000.00 in noneconomic damages. The court therefore concludes that defendant has been provided with proper notice of plaintiff's request for noneconomic relief, and the court will consider whether to award plaintiff $500,000.00 in noneconomic relief. *See, e.g., Appleton Elec.,* 635 F.2d at 610–11.

■ Certain states, including Kansas, have statutory limits on the amount a plaintiff can recover for noneconomic damages, such as emotional pain and suffering. *See* Kan. Stat. Ann. § 60–19a02. The court must therefore determine the state law applicable to this matter in order to determine whether plaintiff's request exceeds a statutory cap on the recovery of noneconomic damages. Because the court sits in diversity jurisdiction, the court applies Kansas choice-of-law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496–97, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Plaintiff's request for compensation for emotional pain and suffering is a tort claim, and, in Kansas, the law of the state where the injury occurred governs tort claims. *Ling v. Jan's Liquors,* 703 P.2d 731, 735, 237 Kan. 629 (1985).

The activities in this case stretch across three states: Kansas, Colorado, and Oklahoma. The places of injury to plaintiff are numerous, and, therefore, it is difficult to determine a single state's law to apply. However, based upon plaintiff's affidavit detailing defendant's actions, it appears that Colorado was the site of the majority of defendant's injurious acts against plaintiff. The court will therefore look to Colorado law to determine whether plaintiff's

request for noneconomic damages is limited by state law.

Colorado Revised Statutes Annotated § 13–21–102.5(3)(b) provides that damages for noneconomic loss or injury shall not exceed $250,000.00. The court is limited, as a matter of law, in its default judgment to plaintiff for his claim of emotional pain and suffering; therefore, the court reduces plaintiff's request and awards plaintiff $250,000.00.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment and Memorandum in Support (Doc. 56) is granted in part and amended in part. The court renders default judgment against defendant Van Stafford for economic loss in the amount of $31,300.00 and noneconomic loss in the amount of $250,000.00, for a total judgment of $281,300.00, plus costs of $150.00 and post-judgment interest at a rate provided by law.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment in favor of plaintiff L.J. Stafford and against defendant Van Stafford in the amount of $281,300.00, plus costs of $150.00 and post-judgment interest at a rate provided by law.