F I L E D
**United States Court of Appeals
Tenth Circuit**

**June 2, 2006**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN F. MULLIN, individual,
husband; DIANE L. MULLIN,
individual, wife,

      Plaintiffs-Appellees,

v.

HIGH MOUNTAIN, doing business
as High Mountain Properties, a Utah
limited liability company,

      Defendant-Appellant.

No. 05-4039
(D.C. No. 2:03-CV-952-DS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

High Mountain, LLC ("High Mountain") appeals from the district court's

order denying its motion for relief from a default judgment entered in favor of

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

John and Diane Mullin. We exercise our jurisdiction under 28 U.S.C. § 1291 and **AFFIRM**.

John and Diane Mullin contracted with High Mountain to manage two condominium units the Mullins had purchased. Disputes arose between the parties, and on October 28, 2003, the Mullins sued High Mountain asserting three claims in connection with (1) an alleged breach of a rental management agreement between the two parties, and (2) an alleged theft of the Mullins' personal property from another condominium unit managed by High Mountain. On November 18, 2003, High Mountain's counsel telephoned counsel for the Mullins seeking additional time to respond to the complaint. The Mullins' counsel never responded to this request. A default certificate was prepared and was properly served on High Mountain on December 11, 2003, and entered by the district court on December 15, 2003. A form for default judgment was filed with the district court on January 8, 2004, a copy of which was also properly served on High Mountain.

High Mountain's counsel insists that as soon as he learned that High Mountain was served with the default judgment, he immediately telephoned opposing counsel. During this call, he allegedly informed the Mullins' counsel that, although he thought High Mountain's insurance agency would be defending the suit, he intended to file an answer to ensure that default judgment was not

entered. Moreover, Mullins' counsel allegedly indicated that the default certificate and form of judgment were filed to get High Mountain's attention, and, most importantly, that the Mullins' would stipulate to setting aside any default judgment.

Counsel for the Mullins, however, does not recall having any conversation with High Mountain's counsel on January 8, 2004. In addition, he contends that he would not have agreed to set aside a default judgment without first consulting his clients. It is undisputed that no documentation has been submitted by High Mountain supporting its counsel's assertion that the call took place.[1] Default judgment in favor of the Mullins was signed by the district court on January 8, 2004, and entered on January 9, 2004. Three days later, High Mountain filed its answer to the original complaint. High Mountain admits that it failed to check the court docket after it submitted its answer to see if default judgment had been entered, and claims that it did not learn of the entry of the default judgment until April 2004, when the Mullins sent copies of documentation concerning the default judgment to High Mountain.[2]

---

[1] Mullins' counsel does recall speaking with High Mountain's counsel on January 29, 2004, two weeks after default judgment was entered. Evidence exists that a call between the parties occurred on this day.

[2] The record shows that Mullins' counsel faxed copies of the documentation regarding the default judgment to High Mountain's new counsel, evidently retained by High Mountain's insurance company, on April 19, 2004, and that a

(continued...)

On February 20, 2004, after default judgment had been entered, High Mountain declared bankruptcy. The Mullins sought an order from the bankruptcy trustee lifting the automatic stay of the action imposed by initiation of the bankruptcy proceedings, which was granted on September 23, 2004, to allow the Mullins to pursue an action nominally against High Mountain so that the Mullins could recover from High Mountain's insurance carrier. Once the stay was lifted, High Mountain sought permission from the bankruptcy trustee to seek relief from the default judgment. In a letter dated October 4, 2004, the bankruptcy trustee informed High Mountain's new counsel that "your representation of High Mountain's insurer in the above-referenced case does not require action by the bankruptcy court." Almost two months later, on November 23, 2004, High Mountain filed a motion seeking relief from the default judgment pursuant to Federal Rule of Civil Procedure 60(b)(1).

The district court found that High Mountain's eleven month delay in filing its Rule 60(b) motion was unreasonable. In its order, it directly addressed High Mountain's claim of an alleged phone call between the parties stipulating that a default judgment would be set aside. In the course of rejecting this excuse, the court observed that under the local rules any stipulation between the parties must

---

[2](...continued)
letter was sent to the Mullins' counsel on April 30, 2004, officially notifying him of the change of counsel.

be approved by the court. Moreover, the court noted that "[e]ven if there actually was a stipulation between the parties regarding setting aside the default judgment Counsel for High Mountain should have filed its motion for relief from default judgment and a stipulated order when he filed the Answer on January 12, 2004." Additionally, the district court found that the delay had caused substantial prejudice to the Mullins' case, given that the Mullins had "been unable to conduct discovery, preserve evidence, obtain documentation, and otherwise structure their case for resolution on the merits." It would be difficult to do so after the delay, the court concluded, because "High Mountain has ceased to do business, turned its business records over to a bankruptcy trustee for liquidation, dismissed its employees, and essentially ceased to exist."

This court reviews a district court's denial of a Rule 60(b) motion for abuse of discretion. Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1293 (10th Cir. 2005) (internal citation and quotations omitted). Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances. Id. We may reverse only if we conclude there is no reasonable basis for the district court's decision to deny relief and that its decision to deny Rule 60(b) relief is wrong. Id. (emphasis added).

Rule 60(b) of the Federal Rules of Civil Procedure strikes a delicate balance between two countervailing impulses of the judiciary: "The desire to

preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of <u>all</u> the facts." <u>Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.</u>, 715 F.2d 1442, 1444 (10th Cir. 1983) (internal quotations omitted). Under Rule 60(b)(1), "the court may relieve a party . . . from a final judgment . . . for . . . mistake, inadvertence, surprise, or excusable neglect."[3] A motion under Rule 60(b)(1) must be made within a reasonable time and not more than one year after the judgment. Fed. R. Civ. P. 60(b). However, a Rule 60(b) "motion is not timely merely because it has been filed within one year of the judgment." <u>White v. Am. Airlines, Inc.</u>, 915 F.2d 1414, 1425 (10th Cir. 1990). Instead, the court examines "the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." <u>Ashford v. Steuart</u>, 657 F.2d 1053, 1055 (9th Cir. 1981).

---

[3] In its memorandum in support of its motion for relief, High Mountain alluded to the catchall clause of Rule 60(b)(6), which provides for relief when there is "any other reason justifying relief from the operation of the judgment." The facts of this case neither require nor support reliance on that provision. "Rule 60(b)'s categories are mutually exclusive. The clear import of the language of clause (b)(6) is that the clause is restricted to reasons other than those enumerated in the [other 60(b)] clauses." <u>Zurich N. Am.</u>, 426 F.3d at 1293 (internal quotation and citation omitted). High Mountain provided no grounds for relief other than those that properly fall under Rule 60(b)(1). Further, Rule 60(b)(6) relief is unavailable because a motion brought pursuant to Rule 60(b)(6), like a motion brought pursuant to Rule 60(b)(1), must also be filed within a reasonable time.

As an initial matter, High Mountain effectively argues that the district court was required to draw all factual inferences in its favor when deciding its Rule 60(b) motion. This position misunderstands the district court's role in deciding Rule 60(b) motions. In order to grant a Rule 60(b) motion the district court must make two distinct findings: "a justification for relief [under one of the clauses of the rule] and a meritorious defense." Olson v. Stone (In re Stone), 588 F.2d 1316, 1319 (10th Cir. 1978). As we have noted previously:

> [A] party seeking to establish [a justification for relief] must plead and prove it. The opposing party is entitled to present controverting evidence demonstrating the absence of [justification for relief], which evidence may be introduced by way of affidavit, deposition, or testimony. After considering the pleadings and the evidence, if any, the court determines whether [justification for relief] has in fact been established.

Id. (internal citation omitted).[4]

Turning to High Mountain's justifications for its delay, we conclude that the district court did not abuse its discretion in finding that High Mountain's delay was unreasonable in light of the circumstances. High Mountain contends that the first three months of its delay were excusable because it did not know

---

[4] High Mountain is correct that under the second prong of the analysis, whether a meritorious defense exists, the movant's factual allegations are taken as true and all reasonable inferences are made in its favor. Olson, 588 F.2d at 1319 (citations omitted). Because High Mountain failed to establish the first element, justification for relief, the district court did not consider whether High Mountain established the second element, existence of a meritorious defense.

until April 2004 that default judgment against it had been entered on January 9, 2004. It is undisputed, however, that on January 8, 2004, High Mountain was served with the certificate of default and, although unsigned, the filing of the form default judgment. High Mountain argues it justifiably ignored those documents because of the alleged January 8, 2004 phone call between its counsel and the Mullins' counsel. Based on its findings that there was no written agreement between the parties stipulating that entry of a default judgment would be set aside, and no documentary evidence was presented to it to prove the disputed existence of such a call, the district court did not abuse its discretion in rejecting this claim. Moreover, the district court found that even if such a call did occur, the stipulation did not have legal effect because, under the applicable local rules, all stipulations between the parties affecting the "course or conduct of any civil proceedings" must be approved by the court. See DUCivR 83-6. Finally, it concluded that High Mountain should have included an order reflecting such a stipulation and a Rule 60(b) motion to set aside the default judgment when it filed its original answer.

With respect to the next six months of delay, High Mountain argues that it did not file its Rule 60(b) motion because it needed to obtain permission from the bankruptcy trustee to move for relief from the default judgment, which High Mountain contends was not granted until October 4, 2004. Although the trial

court did not address the effect of the bankruptcy filing on High Mountain's delay in its order denying High Mountain's Rule 60(b) motion, this court may affirm the district court's judgment on a ground not relied on by the district court "provided the litigants have had a fair opportunity to develop the record." Ross v. U.S. Marshal, 168 F.3d 1190, 1194 n.2 (10th Cir. 1999) (internal citation omitted). High Mountain did not initiate the bankruptcy proceedings until more than one month after default judgment had been entered. Any delay caused by these proceedings was of High Mountain's own creation; it chose to initiate bankruptcy proceedings after the default judgment had already been entered. Additionally, High Mountain has failed to cite any binding authority that it was required to obtain leave from the trustee before seeking relief from the default judgment. Further, High Mountain delayed filing its Rule 60(b) motion for another forty-nine days after obtaining "permission" from the trustee to respond. Based upon High Mountain's stated reason's for its delay, we see no basis to conclude the district court abused its discretion in finding that High Mountain's eleven month delay in filing its Rule 60(b) motion was unreasonable.

Furthermore, the district court did not err in determining that a delay of almost a year substantially prejudiced the Mullins. It concluded that during the delay the Mullins were unable to "conduct discovery, preserve evidence, obtain documentation, and otherwise structure their case for resolution." This finding

was based on the district court's recognition that, after High Mountain declared for bankruptcy, it "ceased to do business, turned its business records over to a bankruptcy trustee for liquidation, dismissed its employees, and essentially ceased to exist." High Mountain argues that the evidence still exists or could be easily located. Even if all of the previous officers and employees of the company could be tracked down and evidence still obtained, the district court correctly noted it would be more difficult to proceed against High Mountain a year later and post-bankruptcy.

Accordingly, we do not "find[] a complete absence of a reasonable basis" for the district court's denial of High Mountain's motion for relief, nor are we "certain that the decision is wrong." Zurich N. Am., 426 F.3d at 1289 (quotation omitted).[5] The district court's order denying High Mountain's motion for relief from default judgment is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[5] Because we conclude that the district court did not abuse its discretion in finding High Mountain's eleventh month delay was unreasonable, we do not address the second prong of the analysis, i.e., whether High Mountain offered a meritorious defense to the Mullins' claims.