FILED
United States Court of Appeals
Tenth Circuit

May 15, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

VINCENT P. JIMENEZ,

      Plaintiff - Appellant,

v.

JEFFREY STONE;
KEVIN TODACHEENIE;
CITY OF ALBUQUERQUE,

      Defendants - Appellees.

No. 14-2195

(D.C. No. 1:11-CV-00707-WJ-SMV)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.[**]

---

Proceeding pro se, Plaintiff Vincent Jimenez filed this § 1983 action in August 2011, alleging Defendants, Albuquerque police officers, falsely arrested and beat him. Nearly two years later, in May 2013, a magistrate judge issued a Report and Recommendation (R&R) recommending that the district court, upon Defendants' motion, dismiss Plaintiff's action pursuant to Fed. R. Civ. P. 16(f), 37(b), and 41(b) as a pretrial discovery sanction:

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

I FIND that Plaintiff has repeatedly failed to comply with orders of this Court and the rules of procedure. I further FIND that such failures have caused prejudice to the Defendants, that such failures have interfered with the judicial process, that Plaintiff is culpable for his failures despite multiple warnings that such failures could result in dismissal of his case, and that lesser sanctions have not been effective.

The litany of facts on which the magistrate judge based his findings are well stated in the R&R, and we need not restate them here. Suffice to say Plaintiff's repeated failures to provide Defendants with initial discovery disclosures as required by Fed. R. Civ. P. 26(a) and D.N.M.L.R.–Civ. 26.3 sounded the death knell of his lawsuit. See Ehrenhaus v. Reynolds, 965 F.2d 916, 920–21 (10th Cir. 1992) (delineating a set of factors a court should consider before choosing dismissal as a sanction). The magistrate judge, to no avail, had ordered Plaintiff to comply with the Rules on five separate occasions and previously had imposed sanctions short of dismissal. On October 4, 2013, the district court overruled Plaintiff's objections, adopted the R&R, and granted Defendants' motion to dismiss with prejudice.

Plaintiff did not appeal. Rather, over a year later on October 6, 2014, Plaintiff filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(3). That Rule provides a district court may relieve a party from a final judgment rendered as a result of fraud, misrepresentation, or misconduct by an adverse party. A motion under Rule 60(b)(3), however, "must be made within a reasonable time . . . [and] not more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). The district court denied Plaintiff's post-judgment motion as untimely. This time, Plaintiff timely appealed. Our jurisdiction to

2

review the denial of Plaintiff's Rule 60(b)(3) motion arises under 28 U.S.C. § 1291.

We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1293 (10th Cir. 2005). Relief from judgment pursuant to Rule 60(b) is extraordinary and reserved for exceptional circumstances. We will reverse the denial of a Rule 60(b) motion only if no reasonable basis exists for the district court's decision and we are certain its decision is wrong. Id. In deciding the timeliness of a Rule 60 motion, "the court examines 'the facts of each case, taking into consideration the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties.'" Mullin v. High Mountain, 182 F. App'x 830, 833 (10th Cir. 2006) (unpublished) (quoting Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981)). Assuming a Rule 60(b)(3) motion is timely, the movant then—

> must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation. In other words, [he] must show clear and convincing proof of fraud, misrepresentation, or misconduct. Moreover, the challenged behavior must *substantially* have interfered with the aggrieved party's ability to fully and fairly to prepare for and proceed to trial. Subsection (b)(3) is aimed at judgments which were unfairly obtained . . . .

Zurich, 426 F.3d at 1290 (internal citations and quotations omitted).

Plaintiff points out that October 4, 2014 fell on a Saturday, so he had until the following Monday, October 6, 2014, to meet Rule 60(b)(3)'s one-year deadline. See Fed. R. Civ. P. 6(a)(1)(C). Plaintiff, however, misreads Rule 60(b)(3). Subsection (b)(3) does not provide every movant claiming fraud against an adverse party with one year in which to file

3

a motion for relief from judgment. Rather, Rule 60(c)(1) tells us such motion must be filed within a reasonable time, and, in no event, more than a year after entry of judgment. In this case, Plaintiff sent a personal letter dated January 31, 2014, to Federal District Judge James Parker complaining of his treatment before the district court. (Judge Parker was not the judge assigned to Plaintiff's case.) Therein, Plaintiff states "I would also like to preserve my right to refile the complaint and if I have to, change the charges to police corruption and fraud." Yet Plaintiff did not file his Rule 60(b)(3) motion alleging fraud against Defendants until over eight months later. We have carefully reviewed Plaintiff's motion and conclude that he knew or reasonably should have known the purported grounds for his motion long before October 6, 2014. Nor does Plaintiff provide any good reason for the extended delay. Accordingly, we cannot say the district court abused its discretion when it dismissed Plaintiff's Rule 60(b)(3) motion as untimely pursuant to subsection (c)(1).

Even assuming otherwise, however, Plaintiff still cannot prevail. First, Plaintiff utterly fails to "clearly substantiate" his fraud claim by "clear and convincing proof." Zurich, 426 F.3d at 1290. Plaintiff provided the district court with no evidence, just bald assertions, many of which were contained in his original complaint, to support his claim that "[u]nder the current case . . . fraud has been perpetuated numerous times." Second, we fail to see how Defendants' alleged misconduct "substantially" hindered Plaintiff from meeting his initial discovery obligations in the district court—the very reason the district court dismissed Plaintiff's case. Id.

Accordingly, Plaintiff's motion to proceed on appeal *in forma pauperis* is ALLOWED, and the district court's denial of Plaintiff's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(3) is AFFIRMED. Plaintiff's motion for appointment of counsel is DENIED as moot.

Entered for the Court


Bobby R. Baldock
United States Circuit Judge