**FREEZE–DRY PRODUCTS, INC., Plaintiff,**

v.

**METRO PARK WAREHOUSE, INC., Defendant.**

Civ. A. No. 94–2209–EEO.

United States District Court, D. Kansas.

Jan. 20, 1995.

Luke B. Harkins, Kansas City, KS, William A. Logan, Jr., Lasky, Haas & Cohler, P.C., San Francisco, CA, for plaintiff.

Jacqueline L. Mixon, Dysart, Taylor, Penner, Lay & Lewandowski, P.C., Kansas City, MO, John F. Horvath, Mary Kay Morrissey, Chicago, IL, for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on defendant's motions for reconsideration (Doc. # 18), for relief from default judgment (Doc. # 22–1) and to file an answer out of time (Doc. # 22–2). The court has reviewed the parties' briefs and is now prepared to rule.

### Motion to Reconsider

Defendant seeks reconsideration of our order of November 18, 1994, 159 F.R.D. 45, denying defendant's motion to dismiss for insufficient service of process. We held that service one day after the 120–day deadline of Federal Rule of Civil Procedure 4(m) was reasonable, noting that dismissal would not bar plaintiff's claim. Defendant now asserts that dismissal would bar plaintiff's claim because of the nine-month contractual statute of limitations in the warehouse agreement.

The decision of whether to grant or deny a motion for reconsideration is committed to the court's discretion. *See Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988). A motion for reconsideration is the opportunity for the court to: 1) correct manifest errors of law or fact; 2) review newly discovered evidence; or 3) review a prior decision in light of a recent change in the law. *Major v. Benton*, 647 F.2d 110, 112 (10th Cir.1981); *see also Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d

Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986).

■ Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position or the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination. *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990); *Refrigeration Sales Co. v. Mitchell–Jackson, Inc.,* 605 F.Supp. 6, 7 (N.D.Ill.1983). A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider. *Renfro v. City of Emporia, Kan.,* 732 F.Supp. 1116, 1117 (D.Kan.1990).

■ Under the "law of the case" doctrine, once an issue is decided by the court, it should not be reconsidered unless it is clearly erroneous or resulted in the imposition of some manifest injustice. *Id.* This doctrine is based on public policy favoring an end to litigation and encouraging finality in dispute resolution by preventing continued relitigation of issues once decided. *See Major v. Benton,* 647 F.2d at 112; *Todd Shipyards Corp. v. Auto Transp., S.A.,* 763 F.2d 745, 750 (5th Cir.1985).

Notably, defendant made no mention of the contractual statute of limitations in the briefing on its original motion. Moreover, factual issues remain as to when the nine-month contractual limitation began to run. Defendant asserts that plaintiff's time to file began to run in October 1993, when the goods at issue were shipped out of defendant's warehouse. Plaintiff has submitted the affidavit of John McCarthy, which states that the goods at issue were stored in defendant's warehouse until February 14, 1994.

■ Although the court was not aware of the nine-month statute of limitations in reaching its original ruling, on the record as a whole, we believe that the result reached in our original order is appropriate. Service was only one day beyond the 120–day requirement of rule 4(m). Defendant does not controvert that it had notice of the suit via a courtesy copy of the complaint, which was sent when the suit was filed. The committee notes to the 1993 amendment to Rule 4(m) indicate that we are authorized to "relieve a plaintiff of the consequences of an application of this subdivision [m] even if there is no good cause shown." 146 F.R.D. 401, 573 (1993). We believe that, under the circumstances, the present case is appropriate for such relief from the draconian strictures of former Rule 4(j) (requiring mandatory dismissal when service was effected outside the 120–day limitation). Accordingly, defendant's motion for reconsideration will be denied.

*Motion for Relief from Default and to File Answer Out of Time*

Believing that a motion to reconsider tolled the time for filing an answer, defendant filed its motion to reconsider rather than an answer on December 5, 1994. On December 12, 1994, without giving notice to defendant, plaintiff applied for and the Clerk of the Court entered default against defendant. Defendant now seeks relief from that entry of default pursuant to Federal Rule of Civil Procedure 55(c) and permission to file an answer out of time.

Although plaintiff filed a response to defendant's motion, plaintiff does not oppose the motion or offer any allegations of prejudice.

■ In *Hunt v. Kling Motor Co.,* 841 F.Supp. 1098 (D.Kan.1993) (citing 6 Jeremy C. Moore et al., *Moore's Federal Practice* ¶ 55.10[2] (2d ed. 1993)), we delineated the principal factors to be considered in determining whether the defendant has met the good cause standard of Rule 55(c) in a motion to set aside an entry of default: (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant has presented a meritorious defense to plaintiff's claim. *Id.* at 1105–07.

■ We find no evidence of culpable conduct on the part of defendant in failing to answer within the specified time. Rather, defendant's failure to respond was premised on a good faith belief that the motion to reconsider tolled the deadline for filing an

answer. Plaintiff has made no showing of prejudice if the default is set aside. Finally, defendant has presented defenses worthy of consideration on the merits. We conclude that defendant has established good cause for setting aside the entry of default in the instant case.

IT IS THEREFORE ORDERED that defendant's motion for reconsideration (Doc. # 18) is denied.

IT IS FURTHER ORDERED that defendant's motion for relief from default judgment (Doc. # 22–1) and for leave to file an answer out of time (Doc. # 22–2) is granted.