65 F.3d 178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Steven HUNT, Plaintiff-Appellant,
v.
FORD MOTOR COMPANY, a Delaware corporation and Kling Motor
Company, Inc., Defendants,
v.
UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Garnishee-Appellee.
 No. 94-3054.
 United States Court of Appeals, Tenth Circuit.
 Aug. 29, 1995.
 
 1
 Before TACHA, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and BURRAGE*, District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 BURRAGE, District Judge, Sitting by Designation.
 
 
 4
 This is an appeal filed by Plaintiff, Steven Hunt ("Plaintiff"), of the district court's order denying his motion for summary judgment and granting the cross-motion for summary judgment of Garnishee, Universal Underwriters Insurance Company ("Garnishee"). Plaintiff also appeals the district court's order denying his motion to alter or amend the judgment. We exercise jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 
 5
 The essential facts are uncontroverted. On February 10, 1992, Plaintiff filed a complaint against Defendants, Kling Motor Company, Inc. and Ford Motor Company, alleging claims of breach of express warranty, breach of implied warranties, deceptive merchandising practices, fraud and misrepresentation. (Aplt.App. at 1, 742). Summons was issued for Defendant, Kling Motor Company, Inc. ("Defendant"), on May 26, 1992. (Aplt.App. at 9, 742). Defendant was served with the summons and the complaint on May 29, 1992. (Aplt.App. at 742). Defendant did not answer or otherwise respond to Plaintiff's complaint. On July 15, 1992, the district court entered an order sustaining Plaintiff's motion for default judgment against Defendant and scheduling a hearing for September 4, 1992 for a determination of the amount of damages. (Aplt.App. at 15). On August 14, 1992, Plaintiff's counsel mailed a letter to Garnishee, Defendant's liability insurance carrier, advising that Defendant had been named as a defendant in the lawsuit, that the district court had entered an interlocutory default judgment against Defendant and that Plaintiff would be looking to Garnishee to satisfy any monetary judgment entered against Defendant. The letter further advised that a hearing was scheduled for September 4, 1992 to determine the amount of damages to be awarded Plaintiff against Defendant. (Aplt.App. at 16, 742).
 
 
 6
 Garnishee had no knowledge of the lawsuit or the entry of default until receipt of the August 14, 1992 letter. (Aplt.App. at 743).
 
 
 7
 The insurance policy Plaintiff claimed afforded coverage to Defendant provided:
 
 
 8
 INSURED'S DUTIES AFTER INJURY, OCCURRENCE, CLAIM OR SUIT--if there is an OCCURRENCE, the INSURED is sued, or a claim is made against an INSURED:
 
 
 9
 1. Report this to US as soon as possible. Give US all details YOU can, including where and how it happened, the names and addresses of persons involved, injured, and any witnesses.
 
 
 10
 2. Promptly send US all documents if any INSURED is sued or a claim is made against them.
 
 
 11
 3. Cooperate and assist US in the investigation, settlement, defense, enforcement of contribution or indemnification. The INSURED may not, except at their own expense, make any offer or payment, assume any obligation or incur any expense unless otherwise permitted in this Coverage Part.
 
 
 12
 "YOU" is defined in the policy as "the insured." (Aplt.App. at 743-744).
 
 
 13
 On September 4, 1992, the district court held a hearing and awarded damages to Plaintiff against Defendant in the amount of $1,052,290.70. At the hearing, no one appeared on behalf of Defendant. (Aplt.App. at 18, 743).
 
 
 14
 On October 28, 1992, Plaintiff served Garnishee with an order of garnishment. On November 4, 1992, Garnishee timely answered the garnishment order, denying that it owed anything to Defendant. Plaintiff replied to Garnishee's answer asserting Garnishee wrongfully denied coverage to Defendant and requesting recovery against Garnishee. (Aplt.App. at 20-28, 743).
 
 
 15
 Thereafter, Plaintiff filed his motion for summary judgment contending that Garnishee's insurance policy provided coverage to Defendant for the allegations in Plaintiff's complaint. Garnishee filed a cross-motion for summary judgment contending that (1) its policy provided no coverage for the type of claims Plaintiff asserted in the complaint; (2) even if there were coverage for the types of claims Plaintiff asserted, Garnishee's coverage was not in force at the time because it was a "claims made" policy and not an "occurrence based" policy, and no claim was made within the policy period; and (3) no coverage existed because Garnishee had been substantially prejudiced by Defendant's breach of the insurance policy's provisions requiring the insured to give timely notice to the insurer of any claim, lawsuit, or occurrence. (Aplt.App. 60-82, 595-615, 744). On December 17, 1993, the district court denied Plaintiff's motion for summary judgment and granted Garnishee's cross-motion for summary judgment based upon Garnishee's third argument. (Aplt.App. 740-775). The district court did not reach Garnishee's other arguments on the basis the third argument was dispositive.[1]
 
 
 16
 Subsequently, Plaintiff filed a motion to alter or amend the judgment. (Aplt.App. 756). In his motion, Plaintiff argued that the district court failed to recognize the distinction between overturning the entry of default and an actual default judgment and that such distinction was very important in negating the claim that Garnishee was prejudiced by lack of notice. Plaintiff specifically argued that a simple motion pursuant to Rule 55(c), Fed.R.Civ.P., would have allowed Garnishee to file an answer and defend the lawsuit; thus negating any prejudice to Garnishee. In denying the motion, the district court found Plaintiff's assertion that the district court would have automatically set aside the entry of default if Garnishee had filed a Rule 55(c) motion was presumptuous. The district court concluded "[t]here are no facts before us that would even remotely suggest good cause exists to set aside our entry of default." (Aplt.App. 782).
 
 
 17
 On appeal, Plaintiff argues the district court erred in finding Garnishee was substantially prejudiced by Defendant, Kling Motor Company's failure to give timely notice of the lawsuit as required by the insurance policy. Plaintiff contends Garnishee was not prejudiced by a lack of notice from Defendant. Plaintiff asserts Garnishee was notified by Plaintiff's counsel more than two weeks prior to the September 4, 1992 damages hearing that a default had been entered against Defendant. According to Plaintiff, Garnishee could have easily had the entry of default set aside by filing a motion under Rule 55(c). Once the default had been set aside, Garnishee could have answered the complaint and have asserted its meritorious defenses. However, Plaintiff argues Garnishee chose not to file any Rule 55(c) motion. Instead, it sat idle and allowed default judgment to be entered by the district court. Plaintiff contends Garnishee made such decision because it had determined, after an investigation of Plaintiff's claim, that no indemnity coverage existed under the insurance policy. Consequently, Plaintiff contends the prejudice, if any, suffered by Garnishee was not the result of Defendant's failure to give timely notice of the lawsuit, but rather, the result of Garnishee declining to avail itself of the procedures under Rule 55(c).
 
 
 18
 In addition, Plaintiff contends the district court erred in finding good cause did not exist to justify setting aside the entry of default under Rule 55(c). Plaintiff asserts there was ample evidence in the record to support a finding of good cause. Plaintiff specifically points to the undisputed evidence that Garnishee was unaware of the default until notified by Plaintiff's counsel. This lack of notice, Plaintiff argues, would have weighed heavily in favor of setting aside the default. Plaintiff additionally emphasizes that the lawsuit against Defendant was in its early stages, the damages sought against Defendant were substantial, Defendant had meritorious defenses against Plaintiff's action and Plaintiff would have suffered no prejudice. According to Plaintiff, these circumstances would clearly have warranted the setting aside of the entry of default, particularly when case law favors disposition of litigation on the merits.
 
 
 19
 Upon review of the record, we find the district court correctly determined Garnishee was substantially prejudiced by Defendant's breach of the insurance policy provisions requiring Defendant to provide Garnishee timely notice of Plaintiff's lawsuit. Although Defendant argues the district court would have set aside the entry of default had Garnishee filed a motion under Rule 55(c), it is clear from the district court's order denying Plaintiff's motion to alter or amend the judgment, no such relief would have been granted. Moreover, we conclude such decision would neither have been an abuse of discretion nor clearly wrong. Gomes v. Williams, 420 F.2d 1364, 1367 (10th Cir.1970) (disposition of motions under Rules 55(c) and 60(b) are largely within the discretion of the trial court and review is limited to determining whether the trial court was clearly wrong in denying the motions).
 
 
 20
 Under Rule 55(c), good cause is required to be shown for the court to set aside an entry of default. Fed.R.Civ.P. 55(c). The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense. In re Dierschke, 975 F.2d 181, 183 (5th Cir.1992). These factors are not "talismanic" and the court may consider other factors. Id. at 184. However, the court need not consider all the factors. If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone. Id. at 184; Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388 (9th Cir.1988), cert. denied, 493 U.S. 858, 110 S.Ct. 168, 107 L.Ed.2d 124 (1989). But cf. Berthelsen v. Kane, 907 F.2d 617 (6th Cir.1990); Federal Deposit Ins. Corp. v. Franscisco Inv. Corp., 873 F.2d 474 (1st Cir.1989). Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default. United States v. Timbers Preserve, Routt County, Colo., 999 F.2d 452, 454 (10th Cir.1993); 6 James W. Moore, et al., Moore's Federal Practice, Sec. 55.10 at p. 55-74, n. 24 (2d ed. 1994); see also, Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir.), cert. denied, 484 U.S. 976, 108 S.Ct. 486, 487, 98 L.Ed.2d 485 (1987) (receiving actual notice of complaint and failing to respond is culpable conduct).
 
 
 21
 In the instant case, the district court found Defendant's failure to answer or otherwise respond to the complaint constituted culpable conduct. The district court specifically stated "[Defendant's] failure to answer was willful and demonstrated a flagrant disregard for the authority of the court." (Aplt.App. 782). Because Defendant's culpable conduct caused the default and there were no facts to suggest good cause existed, the district court indicated that it would not set aside the entry of default.
 
 
 22
 We agree with the district court that Defendant's failure to answer or otherwise respond to the complaint after receiving actual notice of the complaint demonstrated a willful disregard for the court. We also agree there was no evidence of good cause to set aside the entry of default. Consequently, we find Garnishee, standing in the shoes of Defendant,[2] would not have been entitled to set aside the entry of default.
 
 
 23
 As the entry of default would not have been set aside, the Court finds the district court properly concluded Garnishee was substantially prejudiced by Defendant's failure to give timely notice.[3] Defendant's liability to Plaintiff was imposed with the entry of default. As a result, Garnishee was precluded from asserting any meritorious defenses to Plaintiff's claims. Garnishee was additionally precluded from conducting investigations into the merits of Plaintiff's claims, from conducting arm-length negotiations or settlement with Plaintiff and from preserving, developing or preparing evidence. Since Garnishee's ability to defend and control the litigation was eliminated by the entry of default, the Court finds Defendant's failure to comply with the notice requirements of the insurance contract substantially prejudiced Garnishee. Home Life Insurance Co. v. Clay, 719 P.2d 756, 762-63, rev. denied, 239 Kan. 693 (1986) (when loss results from liability owed a third party, insurer is prejudiced only if its ability to defend against the imposition of liability is diminished by delay).[4]
 
 
 24
 Relying upon Phico Ins. Co. v. Providers Ins. Co., 888 F.2d 663, 668 (10th Cir.1988), Plaintiff argues Garnishee cannot show substantial prejudice because it investigated the claim and denied coverage without informing Defendant written notice was required. We disagree. In Phico Ins. Co., we held, applying Kansas law, that an insurance company could waive its right under an insurance contract to receive written notice of a claim when the insured provided timely and adequate oral notice to the insurance company and the insurance company undertook an adequate investigation to determine its rights and liabilities. Here, Garnishee did not receive timely and adequate notice from Defendant or Plaintiff. At the time Garnishee received written notice from Plaintiff, default was already entered. Garnishee had nothing to defend at that point. Clearly, Garnishee did not waive its requirement of written notice of a claim, occurrence or suit by investigating the claim and denying coverage after the entry of default had already been entered.[5]
 
 
 25
 Accordingly, because we conclude the district court correctly determined Garnishee was substantially prejudiced by Defendant's failure to give timely notice, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Michael Burrage, District Judge, United States District Court for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 As discussed infra., the Court likewise finds the substantial prejudice argument dispositive. Therefore, we need not discuss the additional issues of coverage addressed by the parties
 
 
 [2]
 In garnishment proceedings, the judgment creditor takes the place and stands in the shoes of the judgment debtor. Williams v. Community Drive-In Theater, 3 Kan.App. 352, 353, 595 P.2d 724, 725 (1979)
 
 
 [3]
 Whether an insurer is substantially prejudiced by an insured's failure to give timely notice may be determined by the court as a matter of law. Montgomery v. Professional Mut. Ins. Co., 611 F.2d 818, 820 (10th Cir.1980); Security Nat. Bank of Kansas City, Kan. v. Continental Ins. Co., 586 F.Supp. 139, 150 (D.Kan.1982). In the instant case, there are no unresolved facts relating to Defendant's failure to give timely notice or the consequences of that failure and thus, the issue of whether Garnishee was substantially prejudiced was properly determined on summary judgment
 
 
 [4]
 Plaintiff, citing to Upjohn Co. v. Aetna Cas. and Sur. Co., 768 F.Supp. 1186 (W.D.Mich.1991), and Henry v. Johnson, 191 Kan. 369, 381 P.2d 538, 544 (1963), contends Garnishee cannot demonstrate substantial prejudice since it failed to avail itself of the procedures of Rule 55(c) and permitted default judgment to be entered against Defendant. However, as previously found, no relief would have been granted had a motion under Rule 55(c) been filed by Garnishee. Thus, contrary to Plaintiff's contention, Garnishee's prejudice was not caused by its failure to seek relief from the entry of default under Rule 55(c), but rather, from the entry of default prior to its receipt of notice
 
 
 [5]
 Plaintiff has cited Jameson v. Farmers Mutual Automobile Insurance Co., 181 Kan. 120, 309 P.2d 394 (1957), to support his argument that the notice received by Garnishee was sufficient. The Court, however, finds the case distinguishable. In Jameson, the notice given to the insurance company by the third party was timely and the insurance company was given an opportunity to investigate and defend the lawsuit. Here, the notice was untimely and Garnishee's opportunity to adequately investigate and defend Plaintiff's lawsuit was denied