**Rickey PORTER and Kathy Porter, Plaintiffs,**

v.

**Steven W. BRANCATO, et al., Defendants.**

**Civil Action No. 96–2208–KHV.**

United States District Court, D. Kansas.

Feb. 26, 1997.

Jeffrey P. Johnson, Kansas City, MO, for Rickey Porter and Kathy A. Porter.

Stephen B. Small, Kansas City, MO, for Steven W. Brancato.

William Carr, Kansas City, MO, for Hag Automotive Investments, Inc., Hendrick Management Corp., Hendrick Corp., Hendrick Management Co. Ltd. Partnership.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

Plaintiffs allege that Steven W. Brancato, an automobile dealer, violated federal odometer law, Kansas odometer law, the Kansas Consumer Protection Act, and the Magnuson–Moss Warranty Act; committed common law fraud; and breached express and implied warranties in a contract for sale. This matter comes before the Court on *Defendant Steven Brancato's Motion To Vacate Clerk's Order Striking Answer For Default Pursuant To Rule 55 and Request For Leave To File An Answer Out Of Time* (Doc. # 38) filed December 20, 1996.

Plaintiffs filed suit on May 1, 1996, and on June 20, 1996, obtained service on Brancato. On August 23, 1996, the Court conducted a scheduling conference. Brancato did not appear and, because he had failed to answer or otherwise defend, the Court ordered the Clerk to enter default against him under Rule 55(a), Fed.R.Civ.P. *Scheduling Order* (Doc. # 8) entered August 27, 1997. More than two weeks later, without leave of court, Brancato filed an answer. See *Answer Of Defendant Brancato/BBI/LaCrosse* (Doc. # 9) filed September 13, 1996. In a telephone conversation on September 17, 1996, plaintiffs' counsel informed Brancato's counsel that the court had entered default against his client.

By minute order entered November 18, 1996, the Court ordered that Brancato's untimely answer be stricken. On December 11, 1996, plaintiffs notified Brancato of the hearing set for December 23, 1996, on the issue of plaintiffs' damages. At 3:25 p.m. on December 20, 1996 (the Friday before the Monday hearing)—more than six months after plaintiffs obtained service of process on Brancato—he filed the instant motion to vacate the Clerk's order which had stricken his answer on November 18, 1996, and requested leave to file an answer out of time. Brancato insists that the default should be set aside because (a) before September 13, 1996, he was trying to obtain an agreement to defend and indemnify from his insurance company; (b) defendant did not recall when he was served; (c) when his attorney filed the answer on September 13, 1996, he did not know that it was out of time; (d) defendant participated in mediation of plaintiffs' claims; (e) defendant has a meritorious defense; and (f) default is prejudicial to defendant.

■ Rule 55(c), Fed.R.Civ.P., provides that "[f]or good cause shown the court may set aside an entry of default." The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of defendant, (2) whether plaintiff would be prejudiced if the default should be set aside, and (3) whether defendant presented a meritorious defense. *Hunt v. Kling Motor Co.*, 841 F.Supp. 1098, 1105–1106

(D.Kan.1993), *aff'd sub nom Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir.1995); *In re Dierschke*, 975 F.2d 181, 183 (5th Cir.1992). These factors are not "talismanic" and the court may consider other factors. *In re Dierschke*, 975 F.2d at 184. However, the court need not consider all three factors. If the default was the result of defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone. *Id.*; *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988), *cert. denied*, 493 U.S. 858, 110 S.Ct. 168, 107 L.Ed.2d 124 (1989); *Hunt v. Kling Motor Co.*, 841 F.Supp. at 1107. Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default. *United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir.1993); 6 James W. Moore, et al., *Moore's Federal Practice*, § 55.10[1] at p. 55–74, n. 24 (2d ed.1994); *see also, Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir.), *cert. denied*, 484 U.S. 976, 108 S.Ct. 486, 487, 98 L.Ed.2d 485 (1987) (receiving actual notice of complaint and failing to respond is culpable conduct).

■ In the instant case, defendant's failure to timely answer or otherwise respond to the complaint, after receiving actual notice of the complaint, demonstrated a willful and flagrant disregard for the court which constituted culpable conduct. Defendant's culpable conduct caused the default and no facts of record suggest defendant had good cause for the default.

A workable system of justice requires that litigants not be free to appear at their pleasure, and we therefore hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. See *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir.1981); *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). In this case, Brancato's refusal to either timely respond to the complaint, or expeditiously seek to vacate the entry of default, halted the adversary process. Plaintiffs, who had diligently pursued their rights, were prejudiced by Brancato's failure to respond. They were entitled to protection lest they be faced with interminable delay and

continued uncertainty as to their rights, and the entry of default served as such a protection. *Jackson v. Beech,* 636 F.2d 831, 836 (D.C.Cir.1980) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689, 691 (D.C.Cir.1970)). To vacate the entry of default, and force plaintiffs into belated litigation with Brancato, would be unjust in the circumstances.

The Court recognizes that the preferred disposition of any case is upon its merits and not by default judgment. *Meeker v. Rizley,* 324 F.2d 269, 271–272 (10th Cir.1963). However, this judicial preference is counterbalanced by considerations of social goals, justice and expediency, a weighing process which lies largely within the domain of the trial judge's discretion. Thus the court ought not reopen a default judgment simply because a request is made by the defaulting party; rather, that party must show that there was good reason for the default and that he has a meritorious defense to the action. Brancato has not established good cause for the default and the Court therefore finds that his motion should be denied.

**IT IS THEREFORE ORDERED** that *Defendant Steven Brancato's Motion To Vacate Clerk's Order Striking Answer For Default Pursuant To Rule 55 and Request For Leave To File An Answer Out Of Time* (Doc. # 38) filed December 20, 1996, be and hereby is denied.