### Janelle L. FINK, and Alan E. Fink, Plaintiffs,

### v.

### Michael SWISSHELM and Jay Bey–Woodson, Defendants.

### Civ.A. No. 98–2234–KHV.

United States District Court,
D. Kansas,
Kansas City Division:

April 5, 1999.

Wendell F. Cowan, Jr., Michael T. Jilka, Shook, Hardy & Bacon, L.L.P., Overland Park, KS, for defendant.

Richard P. Senecal, Duncan-Senecal Law Office, Chtd., Atchison, KS, for plaintiff.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on defendant Jay Bey–Woodson's *Motion To Set Aside Entry Of Default* (Doc. # 37) filed October 16, 1998.

#### Facts

On May 27, 1998, Jay Bey–Woodson voluntarily entered an appearance in this action by filing his *Notice Of Removal To The United States District Court For The District Of Kansas* (Doc. # 1). After removal, defendant did not file an answer or any pre-answer motions under Fed.R.Civ.P. 12. Because of defendant's inaction, the Court entered de-

fault against defendant on July 7, 1998. *See* (Doc. # 9).

Defendant then filed a motion for relief from default, arguing that the Court lacked personal jurisdiction over him. *See Memorandum In Support Of Motion To Set Aside Entry Of Default* (Doc. # 15) at 2. On September 2, 1998, the Court rejected defendant's argument, finding that his voluntary entry of appearance was sufficient to give the Court personal jurisdiction over defendant. *See Memorandum & Order* (Doc. # 28) at 1–2. The Court then found that defendant had failed to meet the standard for relief under Fed.R.Civ.P. 55(c). *Id.* at 5–7. Defendant failed to show good cause because he did not provide any reason for failing to answer the complaint and had not alleged a meritorious defense. *Id.*

Shortly after this ruling, the parties settled all claims and agreed to seek an order setting aside the Court's entry of default against defendant. Defendant filed a second motion for relief under Fed.R.Civ.P. 55(c).

## Analysis

■ In its original memorandum and order, the Court set out the proper standard for determining good cause under Rule 55(c). Even though the parties have settled, defendant must still meet the requisite standard for relief under Rule 55(c). *See Hawaii Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 512 (9th Cir.1986) (settlement does not affect entry of default or modify standard for relief). The principal factors in determining whether defendant has shown good cause are (1) whether the default resulted from culpable conduct by defendant; (2) whether plaintiffs would be prejudiced if the default should be set aside; and (3) whether defendant has presented a meritorious defense. *Hunt v. Ford Motor Co.,* 65 F.3d 178 (10th Cir.1995) (Table, text available on Westlaw at 1995 WL 523646 at *3); *In re Dierschke,* 975 F.2d 181, 183 (5th Cir.1992). These factors are not "talismanic," and the Court may consider other factors. *Dierschke,* 975 F.2d at 184. The Court, however, need not consider all of the factors. *See.id.*

■ The record reveals a complete lack of prejudice to plaintiffs in this case. Plaintiffs have settled with both defendants. The case is therefore finished, with the exception of the Court's entry of default against defendant. Plaintiffs will not be prejudiced in any way if the Court sets aside the default.

■ Defendant argues that he has meritorious defenses to plaintiffs' claims. Defendant does not need to demonstrate a likelihood of success on the merits, but rather, defendant's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense. *Jetcraft Corp. v. Banpais, S.A. De C.V.,* 166 F.R.D. 483, 486 (D.Kan.1996); *Coon v. Grenier,* 867 F.2d 73 (1st Cir.1989). In *In re Stone,* 588 F.2d 1316 (10th Cir.1978), the Tenth Circuit outlined what defendant must do to demonstrate a meritorious defense in this context, as follows:

> The parties do not litigate the truth of the claimed defense in the motion hearing. Rather, the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action. For purposes of this part of the motion, the movant's version of the facts and circumstances supporting his defense will be deemed to be true. Unlike the simple notice pleading required in original actions, the rule relating to relief from default judgments contemplates more than mere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense. The rule requires a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious.
>
> \* \* \* \* \* \*
>
> The allegations may be satisfactorily presented in the written motion itself, in an appended proposed answer, or in attached affidavits.
>
> \* \* \* \* \* \*
>
> Thus the focus is on the sufficiency of the factual statement contained in the moving papers.

588 F.2d at 1319–20 (citations omitted).

■ Plaintiffs brought a Fourth Amendment claim, alleging that defendant conduct-

ed an unreasonable search without a search warrant or plaintiffs' consent. Defendant alleges that "prior to searching [plaintiffs'] residence, I obtained a search warrant ... and it was in my possession at the time of the search." *Affidavit Of J'Nairo Bey–Woodson* (attached to defendant's *Motion To Set Aside Default* (Doc. # 37)) at 2. Assuming this allegation to be true, it is sufficient to defeat plaintiffs' Fourth Amendment claim. While the Court recognizes that the simple existence of a search warrant is not conclusive proof that a search is reasonable, plaintiffs' Fourth Amendment claim does not allege that defendant exceeded the scope of any warrant, but focuses on the lack of a search warrant or consent. The existence of a search warrant is therefore a meritorious defense to the allegations contained in plaintiffs' complaint.

Plaintiffs also brought a Fourteenth Amendment claim alleging that defendant's course of conduct was egregious and violated plaintiffs' due process rights. In response, defendant alleges that

> my conduct was in all respects a proper exercise of a necessary law enforcement investigation in which I had probable and reasonable cause to believe Plaintiff Janelle Fink had violated the Kansas Criminal Code, K.S.A. 21–3101, et seq., specifically K.S.A. 21–4214, obtaining a prescription-only drug by fraudulent means, on numerous occasions, perhaps 127, over the period December 1995 to May 1996.

*Affidavit Of J'Nairo Bey–Woodson* at 2.

■■■ "The touchstone of due process is protection of the individual against arbitrary action of government," *Wolff v. McDonnell,* 418 U.S. 539, 558, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), including the exercise of power without any reasonable justification in the service of a legitimate governmental objective. *See, e.g., Daniels v. Williams,* 474 U.S. 327, 331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (substantive due process protects against

government power arbitrarily and oppressively exercised); *County of Sacramento v. Lewis,* 523 U.S. 833, ——, 118 S.Ct. 1708, 1716, 140 L.Ed.2d 1043 (1998). In cases of "abusive executive action," only the most egregious official conduct can be said to be "arbitrary in the constitutional sense." *Lewis,* 523 U.S. at ——, 118 S.Ct. at 1718 (quoting *Collins v. Harker Heights,* 503 U.S. 115, 129, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992)). As the Tenth Circuit has noted,

> "the standard for judging a substantive due process claim is whether the challenged government action would 'shock the conscience of federal judges.' " To satisfy this standard, "a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power." Instead, a plaintiff "must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking."

*Tonkovich v. Kansas Bd. of Regents,* 159 F.3d 504, 528 (10th Cir.1998) (quoting *Uhlrig v. Harder,* 64 F.3d 567, 573 (10th Cir.1995)).

Defendant's allegation that he had a search warrant constitutes a meritorious defense to plaintiffs' substantive due process claim. Plaintiffs' allegations regarding defendant's actions all revolve around defendant's investigation of Janelle Fink. While plaintiffs may show egregious conduct if defendant had no reason to investigate plaintiffs, defendant's search warrant would allow him to argue that his conduct was reasonably justifiable as part of a legitimate government objective—investigating criminal activity.[1] When defendant obtained a search warrant, a state court judge must have found that defendant had probable cause to believe that Janelle Fink possessed the drugs in question. Defendant therefore had reason to investigate Janelle Fink; his action was not simply an arbitrary act against plaintiffs. Plaintiffs do not allege

---

1. The Court seriously questions whether plaintiffs' allegations are sufficient to shock the conscience even if defendant lacked a search warrant. Plaintiffs' allegations regarding defendant's search of their home is covered by the Fourth Amendment, and do not fall within

the substantive due process analysis. *See Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Plaintiffs' remaining allegations do not appear to show an abuse of power that is so outrageous as to implicate the Constitution.

any conduct that goes beyond the reasonable scope of a criminal investigation. If defendant truly had a search warrant, plaintiffs' allegations show a zealous police investigation, but not an overzealous one.

 If the default was the result of the defendant's culpable conduct, however, the district court may refuse to set aside the default on that basis alone. *Hunt*; *Dierschke*, 975 F.2d at 184; *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388 (9th Cir.1988), *cert. denied*, 493 U.S. 858, 110 S.Ct. 168, 107 L.Ed.2d 124 (1989). *But cf. Berthelsen v. Kane*, 907 F.2d 617 (6th Cir. 1990); *Federal Deposit Ins. Corp. v. Francisco Inv. Corp.*, 873 F.2d 474 (1st Cir.1989). Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default. *United States v. Timbers Preserve*, 999 F.2d 452, 454 (10th Cir.1993); 6 James W. Moore, et al., *Moore's Federal Practice*, § 55.10[1] at p. 55–74, n. 24 (2d ed.1994); *see also, Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir.), *cert. denied*, 484 U.S. 976, 108 S.Ct. 486, 98 L.Ed.2d 485 (1987) (receiving actual notice of complaint and failing to respond is culpable conduct).

 Defendant argues that he was not culpable because he did not know about the lawsuit until after default was entered. Defendant is, however, responsible for the actions of counsel, who was well aware of the suit and acting on defendant's behalf.[2] *Bud Brooks Trucking v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1439 n. 2 (10th Cir.1990); *see Link v. Wabash R. Co.*, 370

U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The Court must therefore determine whether the conduct of defense counsel was culpable. Defendant argues that he did not file an answer or assert any other defense because defense counsel relied in good faith on two cases which held that no responsive pleading was necessary under Fed. R.Civ.P. 81(c) until after service of process. *See Silva v. City of Madison*, 69 F.3d 1368 (7th Cir.1995); *Apache Nitrogen Prod., Inc. v. Harbor Ins. Co.*, 145 F.R.D. 674 (D.Ariz. 1993).[3]

 The Court finds that defendant is culpable here. While a good faith mistaken belief regarding procedural questions is generally not culpable conduct, *see Freeze–Dry Products, Inc. v. Metro Park Warehouse, Inc.*, 160 F.R.D. 156 (D.Kan.1995) (good faith mistake of law is not culpable conduct); *Urban v. Beamers Garage Restaurant & Lounge Co., Inc.*, 1995 WL 522899 at *2 (D.Kan.1995) (same), the Court casts a wary eye upon defendant's claims of good faith. The conduct of defense counsel throughout the short course of this litigation has suggested that counsel is playing fast and loose with procedural rules. Counsel included defendant in the notice for removal which, conveniently enough, allowed the notice to satisfy any question whether all defendants had joined in the notice of removal. *See Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir.1981). After the Court entered default, however, defense counsel stated that he had only "inadvertently" included defendant on the notice for removal. Defense counsel's

---

**2.** While counsel apparently did not bother to inform defendant about the suit before acting on defendant's behalf, defendant surprisingly does not challenge or question his representation, and the Court therefore holds him responsible for defense counsel's actions.

**3.** While the issue is not important to the Court's decision, the Court questions any reliance on *Apache Nitrogen* here. In that case, the court found that proper service was a prerequisite to requiring an answer under Rule 81(c) because the court first found that the "proper service" rule applied to the time requirements for removal of actions under 28 U.S.C. § 1446. *See Apache Nitrogen*, 145 F.R.D. at 680. Under this rule, a defendant's time for filing for removal does not begin to run until the defendant has

been properly served. *Id. Apache Nitrogen* is therefore inapposite to the established law of this district, which applies the "receipt rule." Under this rule, Section 1446's thirty-day removal period runs from the time a defendant receives a copy of the state court petition. *Patel v. Moore*, 968 F.Supp. 587, 588–89 (D.Kan.1997); *Boyles v. Junction City Foundry, Inc.*, 992 F.Supp. 1246, 1248 (D.Kan.1997); *see also Spreeman v. HealthSouth Corp.*, 1996 WL 129814, at *1 (D.Kan. Feb. 27, 1996); *Management Network Group, Inc. v. ITC Group, Inc.*, 1995 WL 351393, at *1–*2 (D.Kan. May 23, 1995); *Rothwell v. Durbin*, 872 F.Supp. 880, 881 (D.Kan.1994). Because Kansas does not apply the "proper service" rule, counsel's alleged reliance on *Apache Nitrogen* was professionally negligent.

claim of inadvertence attempted to negate defendant's entry of appearance, to support defendant's claim that the Court lacked personal jurisdiction. This claim of inadvertence, however, completely ignored the fact that counsel had deliberately included defendant in the notice of removal, in order to invoke the removal jurisdiction of the Court.

Defense counsel would have the Court now believe that counsel was completely aware of defendant's situation, completed diligent research, and made a conscious decision not to answer based upon the cases defendant now cites. Curiously, defense counsel did not cite these cases when the Court decided to enter default against defendant. The Court made this ruling at a scheduling conference on July 7, 1998, after hearing arguments from both sides. Defense counsel was well aware that the issue was before the Court and he had an opportunity to present defendant's best argument against default. If defense counsel truly believed that defendant had a good faith basis for not answering, he did not present that information before the Court entered default. In fact, defendant did not bother to mention either case until he filed his motions for reconsideration.

Based on the circumstances surrounding defendant's current motion, the Court finds that defense counsel did not have a good faith reliance on the cited cases; counsel simply failed to answer for defendant and found a post-hoc rationalization for the failure only after the Court entered default. Defendant provides no credible excuse for failing to answer after receiving actual notice of the complaint. Defendant's lack of a believable excuse amounts to culpable conduct by defendant. *See Hunt v. Ford Motor Co.,* 65 F.3d 178 (10th Cir.1995) (Table, text available on Westlaw at 1995 WL 523646); *Meadows,* 817 F.2d at 521 (receiving actual notice of complaint and failing to respond is culpable conduct); *Porter v. Brancato,* 171 F.R.D. 303, 304 (D.Kan.1997).

 After weighing all three factors, the Court elects not to set aside its entry of default. While defendant has shown both that plaintiffs are not prejudiced and that defendant has meritorious defenses, defendant's culpable conduct, combined with the current status of the case, weighs against setting aside the default. The standard for setting aside an entry of default under Rule 55(c) is fairly liberal because "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir. 1970). Even if the Court sets aside the default here, however, this case will not be heard on the merits. Because of the parties' settlement, the case is finished, with the exception of the Court's entry of default against defendant. While defendant alleges meritorious defenses, he no longer seeks to present these defenses in court. The only purpose of defendant's current motion is to clear his name. In this situation, defendant's culpable conduct weighs heavily against setting aside the default. Defendant is responsible for the entry of default and should not benefit from the removal of the default without a credible excuse for his inaction. The Court can refuse to set aside a default simply because of defendant's culpable conduct, *see Hunt; Dierschke,* 975 F.2d at 184, and the Court finds that such refusal is appropriate here.

**IT IS THEREFORE ORDERED** that defendant Jay Bey–Woodson's *Motion To Set Aside Entry Of Default* (Doc. # 37) filed October 16, 1998 be and hereby is **DENIED.**