**Gerald J. CRUTCHER, Plaintiff,**

v.

**Kimberly COLEMAN, Defendant.**

**No. CIV. A. 01–2048–KHV.**

United States District Court,
D. Kansas.

Dec. 19, 2001.

Cheryl A. Pilate, Wyrsch, Hobbs, Mirakian & Lee, PC, Kansas City, MO, Mark Barrett, Norman, OK, for plaintiff.

Michael S. Jones, Jones Law Firm, PC, Olathe, KS, Jean Ann Uvodich, Overland Park, KS, for defendant.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

Plaintiff filed this diversity suit against defendant seeking damages for state law claims of negligence, false arrest, malicious prosecution and abuse of process. On August 7, 2001, the Court entered default against defendant, and on August 29, 2001 plaintiff presented evidence of his damages. This matter comes before the Court on Defendant's Motion To Set Aside Entry of Default (Doc. # 15) and Defendant's Motion For Enlargement of Time To File Answer (Doc. # 17), both filed November 2, 2001. After carefully considering the parties' briefs, the Court is prepared to rule. For reasons set forth below, the Court finds that defendant's motions should be sustained.

### Factual Background

Plaintiff commenced this action on January 29, 2001 and secured service of process on March 20, 2001. The period for response to the personal service lapsed without answer or other response from defendant. On June 13, 2001 plaintiff filed his Motion For Court To Enter Default Judgment And For Hearing To Determine Damages (Doc. # 7). On August 7, 2001, the Court entered default against plaintiff and set a damage hearing. At a hearing on August 29, 2001 plaintiff presented evidence of damages. The Court then continued the hearing to allow plaintiff to depose defendant to obtain evidence relevant to punitive damages.

On November 2, 2001, counsel for defendant entered an appearance and filed defendant's motions to set aside the default and to extend the time to answer. On November 16, 2001, plaintiff notified the Court that he no longer seeks punitive damages. Plaintiff asks the Court to assess damages based on the evidence and authority which he presented at the hearing on August 29, 2001.

### I. Defendant's Motion To Set Aside Entry Of Default

Defendant seeks relief from the entry of default pursuant to Rule 55(c), Fed.R.Civ. P., which states that the court may set aside an entry of default "for good cause shown." The good cause required by Rule 55(c) poses a lesser standard for the defaulting party than the excusable neglect which a party must show for relief from judgment under Rule 60(b). See *Dennis Garberg & Assocs., Inc. v. Pack–Tech Int'l Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir.1997) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir.1981)); see also *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir.1990) (court applies same considerations when deciding whether to set aside either entry of default or default judgment, but applies them more liberally when reviewing entry of default).

Defendant presents the following facts in support of her motion to set aside the entry of default.

Defendant is totally disabled. She suffers from Multiple Sclerosis which affects her memory and ability to accomplish day-to-day tasks. When plaintiff served defendant the summons and complaint on March 20, 2001, she contacted the Johnson County District Attorney's Office ("D.A.'s Office"). The D.A.'s Office had prosecuted

the criminal case against plaintiff which is the basis of the current law suit. The D.A's Office told defendant that plaintiff should have filed his case against the State of Kansas. The DA's Office told defendant that they would contact her if that office needed to do anything further. Defendant also contacted Shirley Fessler with the D.A.'s Victim Assistance Department. Fessler told defendant to contact a private attorney. Fessler also told defendant that she would check to see if plaintiff had filed a law suit against the State.

Although defendant received the complaint and summons on March 20, 2001, she did not receive any documents related to this case until late August when she received plaintiff's Submission of Legal Authority (Doc. # 11) filed August 22, 2001. Plaintiff states that she retained counsel "shortly thereafter," to represent her in this action. Plaintiff's counsel filed an entry of appearance on November 2, 2001.

■ The principal factors in determining whether defendant has shown good cause to set aside an entry of default include (1) whether the default resulted from culpable conduct by defendant, (2) whether plaintiff would be prejudiced if the Court sets aside the default and (3) whether defendant has presented a meritorious defense. See *Hunt v. Ford Motor Co.*, 65 F.3d 178, 1995 WL 523646, at *3 (10th Cir.1995); *In re Dierschke*, 975 F.2d 181, 183 (5th Cir.1992). These factors are not "talismanic" and the Court may consider other factors. *Hunt*, 65 F.3d at 184. The standard for setting aside an entry of default under Rule 55(c) is fairly liberal because "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir.1970).

■ The Court first considers whether the default was due to culpable conduct on the part of defendant. Generally, a defendant's conduct is considered culpable if she has defaulted willfully or has no excuse for the default. *United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir.1993); 6 James W. Moore, et al., Moore's Federal Practice, § 55.10[1] at p. 55–74, n. 24 (2d ed.1994). Defendant asserts

that she did not wilfully default and that she has an excuse for the default. She states that she did not timely appear and defend in this action because she misunderstood the nature and seriousness of the proceeding. The record before the Court, however, including evidence of defendant's involvement in the criminal prosecution of plaintiff, suggests that defendant is no stranger to the court system. Further, although she sought the advice of the D.A.'s Office, she then ignored the recommendation that she seek private counsel. Rather, after she received the summons and complaint, defendant took no steps to file an answer or to communicate with the Court in any fashion for more than six months. Defendant provides no facts to suggest that her disability precluded her from appearing in Court or proceeding pro se. Her failure to answer or otherwise contact the Court after receiving actual notice demonstrates complete disregard for the authority of the Court. See *Hunt*, 1995 WL 523646 at *3; cf. *Ledbetter v. Kansas Dep't Soc. & Rehab. Servs.*, 2000 WL 206208 (D.Kan.2000) (good faith mistaken belief regarding procedural questions generally not culpable conduct). In these circumstances the Court concludes that defendant's culpable conduct caused the default.

■ Where the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone. See *In re Dierschke*, 975 F.2d at 184; *Alan Neuman Prod. Inc. v. Albright*, 862 F.2d 1388 (9th Cir.1988); see also *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir.1987) (receiving actual notice of complaint and failing to respond is culpable conduct); see also *Gomes*, 420 F.2d at 1366 (judicial preference for decision on merits is "counterbalanced by considerations of social goals, justice and expediency, a weighing process which lies largely within the domain of the trial judge's discretion"). Nonetheless, the Court will consider the other two factors.

Plaintiff has not identified any potential prejudice, and the Court finds that plaintiff will not be prejudiced in any significant way if the default is set aside.

Finally, defendant has presented meritorious defenses to plaintiff's claims. Defendant does not need to demonstrate a likelihood of success on the merits. Rather, defendant's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense. See *Jetcraft Corp. v. Banpais, S.A. De C.V.*, 166 F.R.D. 483, 486 (D.Kan.1996) (citing *Coon v. Grenier*, 867 F.2d 73 (1st Cir.1989)). In *In re Stone*, 588 F.2d 1316 (10th Cir.1978), the Tenth Circuit outlined what defendant must do to demonstrate a meritorious defense in this context, as follows:

> The parties do not litigate the truth of the claimed defense in the motion hearing. Rather, the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action. For purposes of this part of the motion, the movant's version of the facts and circumstances supporting his defense will be deemed to be true. Unlike the simple notice pleading required in original actions, the rule relating to relief from default judgments contemplates more than mere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense. The rule requires a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious.

588 F.2d at 1319–20 (citations omitted).

Plaintiff brings claims of negligence, false arrest, malicious prosecution and abuse of process. Specifically, he claims that defendant, his ex-wife, orchestrated their daughter's allegations that plaintiff sexually abused her. He alleges that defendant made false statements and actively encouraged and participated in his wrongful arrest and conviction for two counts of aggravated incest.[1]

Defendant asserts a multitude of defenses, including the statutes of limitations, which under Kansas law are 2 years for negligence and abuse of process and 1 year for false arrest and malicious prosecution. These defenses are meritorious as to the negligence, false arrest and abuse of process claims, which would have accrued at the latest when plaintiff was convicted in February, 1994.

Plaintiff also claims that the Kansas Code for Children provides her with immunity from a civil lawsuit for her conduct in reporting child abuse to authorities. See Kan. Stat. Ann. § 38–1526. The statute provides immunity if the report was made without malice; thus this defense is meritorious based on defendant's assertion that she acted without malice.

Defendant also asserts additional defenses on each of the individual claims. Specifically, she claims that (1) as to plaintiff's negligence claim, he failed to plead that defendant owed him a duty, that defendant owed plaintiff no duty, and that plaintiff's claim of negligence is subsumed by his claims of false arrest and malicious prosecution, see *Brown v. State of Kansas*, 261 Kan. 6, 927 P.2d 938 (1996); (2) as to the false arrest claim, that plaintiff can not show the element of "without legal excuse" because law enforcement obtained a warrant for his arrest, and that law enforcement did not make the arrest at the direction of defendant; (3) as to the malicious prosecution claim, plaintiff cannot show that defendant initiated the proceedings, see *Burney v. Kan. Dep't of Soc. & Rehab. Servs.*, 23 Kan. App.2d 394, 931 P.2d 26 (1997), or that the prior criminal action terminated in his favor, see *Green v. Warnock*, 144 Kan. 170, 58 P.2d 1059 (1936) (where dismissal of the charges occurred on plaintiff's own motion, element of termination in plaintiff's favor not met) and (4) as to the abuse of process claim, plaintiff failed to identify what process defendant abused. Assuming that defendants's factual

---

1. The complaint alleges that a jury convicted plaintiff of two counts of aggravated incest on March 17, 1994, when he began serving two consecutive seven year prison terms. After the Kansas Court of Appeals affirmed his conviction on direct appeal, plaintiff filed a state habeas action. The Kansas Court of Appeals found that the trial court violated plaintiff's right to a unanimous verdict when it did not give a unanimity instruction. The Court of Appeals reversed the conviction and remanded the case for a new trial. The D.A.'s Office ultimately dismissed the case with prejudice. Plaintiff contends that he is innocent of the charges of aggravated incest and spent six years in prison for crimes that he did not commit.

allegations are true, she has presented meritorious defenses sufficient to defeat plaintiff's claim on all counts of the complaint.

After carefully considering all of the above factors, and based on the guiding principle that the Court should resolve any doubt in favor of setting aside the entry of default, the Court elects to set aside its entry of default. In doing so, the Court in no way condones defendant's failure to timely answer or otherwise respond in this matter. The Court admonishes defendant that she is not free to appear at her pleasure. See *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir.1983).

## II. Defendant's Motion For Enlargement Of Time To File Answer

■ Defendant asks the Court to extend her time to file an answer. Defendant filed her request after the time for filing her answer had expired. Accordingly, under Rule 6(b), Fed.R.Civ.P., defendant must show "excusable neglect" for her failure to file an answer before the original deadline. The United States Supreme Court discussed the meaning of "excusable neglect" in *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). To determine whether neglect is "excusable," the Court must take account of all relevant circumstances surrounding a party's delay, including (1) the danger of prejudice to the other party or parties, (2) the length of the delay and its potential impact on the case, (3) the reason for the delay, including whether it was within the reasonable control of the party seeking relief, and (4) whether the movant acted in good faith. *Id.* at 395, 113 S.Ct. 1489.[2]

■ The Court finds that defendant's actions caused no prejudice to plaintiff. Plaintiff does not argue that defendant's actions prejudiced him in any way, and the Court therefore assumes that he suffered no prejudice by defendant's delay in filing an answer.

The length of the delay is considerable in this case. Defendant has requested leave to file an answer out of time approximately six months after the original deadline, and plaintiff has already presented evidence at a hearing on damages. The case, however, is still at a preliminary stage and plaintiff does not assert that the delay will significantly impact the progress of the case.

As explained above, defendant has not presented an adequate reason for her delay in filing an answer. She has, however, set forth the mitigating circumstances of her disability and financial hardship. The Court cannot in good conscience find that defendant acted in good faith. Nonetheless, the Court finds that defendant's motion to file her answer out of time should be sustained.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Set Aside Entry of Default (Doc. # 15) filed November 2, 2001 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** Defendant's Motion For Enlargement of Time To File Answer (Doc. # 17) filed November 20, 2001 be and hereby is **SUSTAINED**. **Defendant shall file an answer or other responsive pleading on or before January 4, 2002.**

---

**2.** Although *Pioneer* involved an interpretation of the Bankruptcy Act, courts have applied those same standards in the Rule 6(b) context. See, e.g., *Outley v. Coca Cola Enterprises, Inc.*, No.

97–2056–GTV, 1998 WL 118070, at *1 (D.Kan. Mar.11, 1998); *Blissett v. Casey*, 969 F.Supp. 118, 123 (N.D.N.Y.1997).